In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1125

Arnold Winters,

Petitioner-Appellant,

v.

Charles Miller, Superintendent,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 99 C 773--Larry J. McKinney, Chief Judge.

Argued October 25, 2001--Decided December 19, 2001

Before Bauer, Posner and Evans, Circuit Judges.

Bauer, Circuit Judge.  Petitioner Arnold Winters was convicted of murder, attempted murder and robbery in the Superior Court of Marion County, Indiana in 1987. Winters unsuccessfully challenged his conviction on various grounds in both a direct appeal and a post-conviction petition. Subsequently, a federal district court denied Winters' petition for a writ of habeas corpus. For the reasons set forth below, we find that Winters' conviction was not the result of any constitutional violation and accordingly, we affirm the decision of the district court to deny the writ.

I.  HISTORY

A.  Factual Background/1

On the evening of July 23, 1986, Jay and Donnie Winters, both brothers of Petitioner Arnold Winters, were engaged in an argument at an apartment complex in Lawrence, Indiana. Eugene Kee and Melvin McCullough, security guards at the apartment complex, overheard the argument, approached Jay and Donnie and requested that the two men leave the premises. At this point, Jay pushed Officer Kee, who, in turn, pushed back. Jay hit Officer Kee with his elbow,

whereupon Kee drew his pistol and a pair of handcuffs. Jay and Donnie then agreed to leave the complex and began to walk away, followed by the officers. Another argument ensued, however, and the officers again intervened. The brothers agreed to stop arguing and began to walk away, when Petitioner Winters appeared on the scene. Approaching the officers from behind, Winters aimed a pistol at the back of Officer Kee's head and fired a shot that killed Kee immediately.

Once Officer Kee was killed, Officer McCullough drew his pistol and fired a shot. Jay and Donnie Winters then grabbed McCullough and attempted to take his pistol. McCullough managed to disable his pistol before Jay obtained possession of it. Jay attempted to shoot McCullough with the disabled pistol but failed. Petitioner Winters then shot McCullough in the face and McCullough fell backwards. Winters fired another shot at McCullough and handed the pistol to Jay, who shot McCullough in the back and then again in the groin. Remarkably, McCullough was still alive. Jay Winters observed that "[He] ain't dead yet," walked up to McCullough and attempted to shoot him in the head, but missed after McCullough moved. The Winters brothersappeared to believe that McCullough was dead at that point, and they left the scene.

Petitioner Winters and his brothers, Jay and Donnie, were tried together in 1987. During deliberations, the jury foreman attempted to send a note through the bailiff to the trial judge that read, "Can we the jury, listen to only a portion of the tape recording made during this subject case--(Melvin McCullough)." Neither the trial judge nor the attorneys ever received notice of this note. Instead, the judge's bailiff denied the jury's request by simply writing "no" and signing his own initials on the bottom of the note. The testimony was never read to the jury.

Later, the jury attempted to send a second note to the trial judge requesting a definition of aiding and abetting. Again, neither the judge nor the attorneys received notice of the jury's request. The record does not indicate whether there was any response to this request.

The jury found Winters guilty of murder, attempted murder and robbery, and he was sentenced to concurrent prison terms of 40 years, 30 years and 30 years, respectively.

## B.  Procedural Background

On direct appeal, Winters argued that (1) the trial court erred in failing to sever his trial from that of his co-defendants and (2) the evidence was insufficient to sustain his convictions. Winters' appellate counsel did not raise the issue of the bailiff's ex parte interference with the jury requests. The Indiana Supreme Court rejected both of Winters' claims on the merits and affirmed his convictions.

Winters then filed a petition for state post-conviction relief. His petition was granted by an Indiana trial court, but vacated and remanded by the Indiana court of appeals. On remand, the trial court reinstated Winters' conviction. The court of appeals affirmed and the Indiana Supreme Court declined to review Winters' case.

Winters subsequently filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Indiana. The district court denied the writ. Winters now appeals with the following constitutional claims: (1) he was denied effective assistance of counsel at trial because his counsel failed to present evidence of post-traumatic stress disorder in order to bolster his "defense of others" claim; and (2) he was denied effective assistance of appellate counsel because his counsel failed to raise the issue of the bailiff's improper ex parte dealings with the jury, and the district court and the Indiana courts erred in reviewing this claim by applying the standard enunciated in Lockhart v. Fretwell rather than that articulated in Strickland v. Washington.

## II.  DISCUSSION

Federal courts may grant habeas corpus when a person is held in custody under a state court judgment in violation of the United States Constitution. 28 U.S.C. sec. 2254; Lowery v. Anderson, 225 F.3d

833, 838 (7th Cir. 2000). Federal habeas relief is granted when a petitioner has established that the state court proceeding resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. sec. 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In reviewing a decision of the district court to deny habeas relief, we review findings of fact for clear error and findings of law de novo. Moffatt v. Gilmore, 113 F.3d 698, 701 (7th Cir. 1997). Findings of fact made by the state courts are presumed correct and are rebutted only by clear and convincing evidence. Foster v. Schomig, 223 F.3d 626, 631 (7th Cir. 2000).

## A. Trial Counsel's Failure to Raise Issue of Petitioner's Post-Traumatic Stress Disorder

The Sixth Amendment provides a defendant with a right to counsel and serves to protect the defendant's right to a fair trial. Strickland v. Washington, 466 U.S. 668, 684 (1984). These rights are satisfied as long as counsel's conduct at trial is competent, and not so deficient as to render the trial meaningless or unreliable. Id. Winters argues that his trial counsel failed to meet this requisite standard.

Under the framework set forth in Strickland, to prevail on a claim of ineffective assistance of counsel, Winters must prove: (1) his trial counsel's representation was deficient; and (2) the deficient performance so prejudiced him as to deprive him of a fair trial. Id. at 687-88; Lowery, 225 F.3d at 843. A failure to satisfy either part of this standard defeats a petitioner's claim. Strickland, 466 U.S. at 700. We indulge "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Galowski v. Berge, 78 F.3d 1176, 1180 (7th Cir. 1996). A petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689. A petitioner will prevail only by demonstrating a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694; Lowery, 225 F.3d at 843.

In the course of Winters' post-conviction proceedings, a psychologist at an Indiana correctional facility examined Winters and concluded that he suffered from post-traumatic stress disorder (PTSD) as a result of his military service in Vietnam and that this disorder would have had some influence on his actions on the night he shot Officer Kee. Another psychologist examined Winters and arrived at a similar conclusion. Winters argues that his trial counsel was ineffective in failing to present this evidence to bolster Winters' claim of "defense of others." He argues that evidence of PTSD provided the best support for his defense that he shot Officer Kee because he reasonably believed that Kee was going to seriously injure his brother Jay. Therefore, Winters argues, trial counsel's failure to raise this issue was unreasonable and falls below the objective standard of professional norms. We agree with the district court that Winters' claim is without merit.

In evaluating Winters' ineffective assistance claim, we must "reconstruct the circumstances surrounding the challenged conduct and determine whether they were reasonable." Foster, 223 F.3d at 631. Accordingly, we evaluate the conduct from counsel's perspective at the time the relevant decision was made. Id. If an attorney's strategic decisions were sound at the time they were made, these decisions cannot support a claim of ineffective assistance. Id.

Winters' trial took place in 1987. As the state courts correctly pointed out and the district court reiterated, knowl edge of PTSD was not widely held at that time. Presenting evidence of PTSD to bolster a defense was not within the prevailing professional norms at the time of Winters' trial. Simply put, Winters has failed to set forth evidence that the defense of PTSD was so interwoven into criminal defense jurisprudence that, under the first prong of the Strickland standard, his counsel's failure to raise the issue fell below the objective standard of professional norms at the time of the trial.

Even if we assume for the sake of argument that Winters had established his counsel's performance was deficient, Winters failed to demonstrate prejudice to satisfy the second Strickland requirement. To demonstrate prejudice, Winters must show a reasonable probability that but for counsel's errors, the result of the proceeding would be different. Strickland, 466 U.S. at 694. Winters has failed to do so.

Winters rests his ineffective trial counsel argument on the assertion that evidence of the PTSD diagnosis would have bolstered his "defense of others" claim. In light of the overwhelming evidence of guilt established by the government at trial, Winters' assertion is without merit. Winters shot Officer Kee after the argument between the officers and Winters' brothers. Winters initiated the attack on Kee, approaching Kee from behind and immediately fired a fatal shot. These facts undermine any claim that Winters acted in defense of his brothers. Further, the evidence that Winters fled the state after the murder of Officer Kee also supports the jury's guilty verdict and weakens any claim that his attack on Officer Kee was justified. Dill v. State, 741 N.E.2d 1230, 1232 (Ind. 2001). Winters has not established that, had his counsel used the evidence of PTSD to bolster his "defense of others" claim, the result of the trial would have been different. Accordingly, based on these factual elements, Winters' counsel did not so prejudice his trial that the outcome is unreliable.

Because we hold that Winters has failed to satisfy the standard set forth in Strickland for a claim of ineffective assistance of trial counsel, we hold that the Indiana courts' rejection of Winters' claim was not unreasonable or contrary to clearly established federal law.

B. Appellate Counsel's Failure to Raise Issue of Court's Ex Parte Interference with Jury

Winters next contends that he received ineffective assistance of appellate counsel because his attorney failed toappeal the issue of the bailiff's ex parte interference with the jury. This claim was rejected by the Indiana courts. Winters argues that the Indiana courts

erred in reviewing this claim because they utilized the standard set forth in Lockhart v. Fretwell, 506 U.S. 364 (1993), rather than the proper framework set out in Strickland v. Washington, 466 U.S. 668 (1984). Winters claims that under the Strickland standard, the ineffectiveness of his appellate counsel warrants a reversal of his conviction.

We agree that the appropriate standard for evaluating a claim of ineffective counsel is the Strickland standard. Williams v. Taylor, 529 U.S. at 390-91. Our review of Winters' petition does not end here, however. Instead, once again, we will review Winters' claim using the appropriate standard set forth in Strickland.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice. Strickland, 466 U.S. at 687-88; Mason v. Hanks, 97 F.3d 887, 892 (7th Cir. 1996). Appellate counsel's performance is deficient if counsel fails to appeal an issue that is both obvious and clearly stronger than one that was raised. Williams v. Parke, 133 F.3d 971, 974 (7th Cir. 1997). It is not necessary, however, that appellate counsel "raise every non-frivolous issue under the sun." Mason, 97 F.3d at 893. In addition, a petitioner demonstrates the requisite prejudice only when appellate counsel fails to raise an issue that "may have resulted in a reversal of the conviction, or an order for a new trial." Id.

In Winters' case, the court bailiff denied the jury's first request by writing "no" on the note. The record does not indicate whether the jury received a response to its second inquiry. Winters argues that appellate counsel was ineffective for not appealing the claim that the bailiff improperly communicated with the jury outside of his presence in violation of his right to be present at all critical stages of the prosecution. Because this ex parte communication claim does not warrant a reversal of conviction or an order for new trial, his appellate counsel was not ineffective and Winters' argument fails.

A defendant has a constitutional right to be present at all critical stages of a prosecution, but this right does not

extend to every interaction between the court and the jury. United States v. Gagnon, 470 U.S. 522, 526 (1985). An ex parte communication between court staff and the jury creates a rebuttable presumption of error, but does not constitute per se grounds for reversal. Marsillett v. State, 495 N.E.2d 699, 709 (Ind. 1986). The appellant still carries the burden of proving that the substance of the communication resulted in prejudice. Id. The prohibition against ex parte communication between the court and the jury is "designed to prevent the jury from being improperly influenced by the judge." Bouye v. State, 699 N.E.2d 620, 629 (Ind. 1998). When a jury requests additional information or clarification and the request is merely ignored or denied, any inference of improper influence or prejudice is rebutted. Marsillett, 495 N.E.2d at 709. Under these circumstances, any error by the trial court is deemed harmless and there is no basis for setting aside a jury verdict. Pendergrass v. State, 702 N.E.2d 716, 720 (Ind. 1998).

In Winters' case, although the bailiff's failure to inform the judge of the jury's inquiries was inappropriate, it was harmless error and does not warrant reversal. Winters has not established that the substance of the bailiff's first ex parte response was prejudicial to the outcome of the trial. With respect to the jury's second note, without proof that the bailiff communicated with the jury at all, there is no basis for doubting the reliability of the jury's verdict. Winters' appellate counsel did raise two other viable issues on appeal, and the decision to omit the bailiff's ex parte interference from Winters' appeal was well within the objective standard of professional norms and did not result in any prejudice.

Indeed, the Indiana courts did misapply the Lockhart standard in analyzing Winters' claim. Nevertheless, our review under the proper standard set forth in Strickland renders the same result. Winters fails to establish circumstances that amount to ineffective assistance of appellate counsel under the Strickland framework. The Indiana courts did not act unreasonably or contrary to established federal law in refusing to reverse or set aside Winters' conviction.

III.  CONCLUSION

   For the foregoing reasons, we AFFIRM the
district court's decision.

FOOTNOTE

/1 For purposes of evaluating Winters' petition for
writ of habeas corpus, the facts set forth by the
Indiana Supreme Court are presumed correct. 28
U.S.C. sec. 2254(e).