In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-3152

THEODORE LEE, JR.,

*Petitioner-Appellant,*

*v.*

CECIL DAVIS, SUPERINTENDENT,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 01-C-109—**Allen Sharp**, *Judge.*

ARGUED OCTOBER 29, 2002—DECIDED APRIL 25, 2003

Before CUDAHY, COFFEY, and EASTERBROOK, *Circuit Judges.*

CUDAHY, *Circuit Judge.* Theodore Lee, Jr. appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Lee's failure to raise the issue of prosecutorial misconduct on direct appeal means that the issue was procedurally defaulted. Because Lee cannot demonstrate cause for his default, his petition fails. The district court's denial of Lee's petition was proper and we affirm.

## I.

Theodore Lee, Jr. and Scott Rainey beat and attempted to rob Cleo and Golda Hedges inside the Hedges' home in Pike

County, Indiana on October 7, 1992. One of the two lay in the grass in front of the Hedges' back door, feigning injury, while the other knocked on the door requesting help for his "injured" friend. Once Cleo Hedges opened the door, the assailant pushed his way inside, beat Cleo and Golda and fled (with the "injured" friend) having taken nothing. Neither Cleo nor Golda could identify which of Lee and Rainey had been the assailant and which the person lying in the grass.

When Lee was arrested, he waived his *Miranda* rights and confessed that he and Rainey had attempted to rob the Hedges. Lee claimed that, because of a drug- and alcohol-induced blackout, he did not recall who had gone to the door and beaten the Hedges, but Lee said that Rainey had told him afterwards that he (Lee) had beaten the Hedges.[1] Rainey agreed to testify against Lee, who proceeded to trial.

---

[1]  The transcript of Lee's confession reads:

> Q:  You do, you do really think, do you really think in your own mind that, that probably you were the one that went to the door and hit the old people?
>
> A:  That is what [Rainey] told me, that I done it. So in my mind that's . . .
>
> Q:  But you don't know (inaudible).
>
> A:  I don't know that I didn't and I don't know that I did. But, that's what I'd been told by [Rainey] who was with me. You know.
>
> Q:  And you really don't know of any reason he would lie to you about it.
>
> A:  Not really. I can't think of any reason why he would tell me I done it.

Appendix at 471.

At trial, Lee testified that he did remember the robbery, and that he had been the one feigning injury while Rainey approached the house. Lee's earlier confession was admitted over his objection that he had not intelligently waived his *Miranda* rights. During closing arguments, the prosecutor made concededly improper comments bolstering the credibility of Rainey as a witness:[2]

> But I submit to you that I believe Scott Rainey was sincere. He was telling you the truth.
>
> * * *
>
> And it's true that there's charges against Mr. Lee for more serious offenses. Why? Because the State of Indiana believes Scott Rainey. We believe Scott Rainey. Had the opportunity to sit down with Scott Rainey. Talk to Scott Rainey. Listen to him as he testified before you here. The State of Indiana believes Scott Rainey. That's why there's no other charges pending against him. He didn't do it. Ted Lee did. Mr. Rainey did not do it. He has to live with it. He has to live with his involvement, but he did not do the crime.

Supp. App. at 12, 24; Tr. at 589, 601.[3] Lee was convicted by the jury and sentenced to 45 years imprisonment for

---

[2]  The prosecutor was disciplined by the Disciplinary Commission of the Indiana Supreme Court with a Private Administrative Admonishment (PAA) for his comments during closing arguments at Lee's trial. The PAA was issued on December 18, 1997, while Lee's state post-conviction relief case was pending in the trial court. The Respondent (Davis) conceded in his brief for the present case that the prosecutor's statements constituted improper vouching, but disputed that the vouching amounted to prosecutorial misconduct. Resp. Br. at 9.

[3]  The transcript from Lee's trial is designated with "Tr." and the appendix and supplemental appendix submitted with the appellant's brief with "App." and "Supp. App.", respectively.

attempted robbery and six years each for two counts of felony battery, to run concurrently.

On direct appeal, Lee raised seven issues before the Indiana Court of Appeals, but did not raise the issue of the prosecutor's improper statements. The court of appeals reduced one of the battery convictions to a misdemeanor, but otherwise affirmed the jury verdict. The Indiana Supreme Court denied transfer in June 1995.

Subsequently, Lee filed a petition for post-conviction relief in state court alleging prosecutorial misconduct during closing arguments when the prosecutor vouched for Rainey as a witness and ineffective assistance of trial counsel when counsel failed to object to the prosecutor's vouching. Lee also alleged that appellate counsel had rendered ineffective assistance by failing to raise prosecutorial misconduct during Lee's direct appeal. The trial court denied Lee's petition.

The Indiana Court of Appeals affirmed the denial of post-conviction relief on Sept. 11, 2000. On the issue of prosecutorial misconduct, the court ruled that that issue had been available on direct appeal, but because it had not been raised at that time, it was waived.[4] The Court of Appeals further explained that it did not believe misconduct had occurred.

> [T]he statement following the prosecutor's words "I believe" explain why Rainey is more credible than Lee. Even more compelling, the prosecutor's comments had, at most, a minimal effect on the jury given the over-whelming evidence against Lee. In light of the mass

---

[4] "We first note that [the issue of prosecutorial misconduct] was available to Lee on direct appeal, and because he did not raise it, it is waived. Waiver notwithstanding, Lee asserts that the [vouching] amounts to fundamental error. It does not." App. at 24.

of inculpating evidence, including Lee's confession, Lee has failed to show that the prosecutor engaged in misconduct.

App. at 24. Because the Court of Appeals found no prosecutorial misconduct, it also found that Lee's trial counsel had not been ineffective in failing to object to the prosecutor's statements, nor had appellate counsel[5] been ineffective in failing to raise misconduct on Lee's direct appeal. The Indiana Supreme Court denied transfer.

Lee then filed an application for a writ of habeas corpus in the district court under 28 U.S.C. § 2254, alleging, *inter alia*, that his due process rights had been violated by the prosecutor's vouching for Rainey's credibility and that he was denied effective assistance of counsel at trial and on appeal. The district court denied Lee's petition and denied an application for a certificate of appealability. This court granted a certificate of appealability on the issues of (1) whether Lee's due process rights were violated when the prosecutor vouched for Rainey's credibility during closing arguments and (2) whether Lee procedurally defaulted this argument.

## II.

### A.

As a threshold matter, we must determine whether Lee has procedurally defaulted his argument that the prosecutor's vouching violated Lee's due process rights. A district court's determination of procedural default is reviewed de novo. *Braun v. Powell*, 227 F.3d 908, 911-12 (7th Cir. 2000). When a state court denies a prisoner re-

---

[5]  Lee was represented by the same attorney at trial and on direct appeal.

lief on a question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989) (finding procedural default when the "last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar"). This rule would appear to govern the issue here. The Indiana Court of Appeals was the last state court to consider Lee's habeas claim of prosecutorial misconduct, and it ruled quite clearly that "this issue was available to Lee on direct appeal, and because [Lee] did not raise it, it is waived." App. at 24.

Lee's contention that the court's subsequent discussion of the merits of his prosecutorial misconduct claim somehow undoes the stated procedural ground of the decision is meritless. Even when both the merits of a claim and a state procedural bar are discussed together, the state procedural grounds will be determinative if they are clearly presented and they constitute an adequate independent ground for the denial of the state habeas petition. *Gray v. Briley*, 305 F.3d 777, 779 (7th Cir. 2002). Moreover, this court has had occasion to consider the effect of Indiana's waiver doctrine, and the corresponding "fundamental error" exception to the waiver doctrine, in the context of procedural default as it affects a federal habeas petition.[6] *Willis v. Aiken*, 8 F.3d 556 (7th Cir. 1993). In *Willis,* we ruled that the examination required to determine whether there had been fundamental error did not undermine reliance on

---

[6] An argument of trial court error that has been waived can be resuscitated on appeal if the error was "fundamental" under Indiana law. *Wilson v. State*, 514 N.E.2d 282, 284 (Ind. 1987). This determination necessarily requires some examination of the merits of the claimed error, thus creating the analytical wrinkle smoothed out by this court in *Willis*.

an independent state procedural ground of waiver; and federal habeas review was precluded. *Id.* at 567.

Lee's prosecutorial misconduct argument is procedurally defaulted.

## B.

A procedural default can be overcome if a petitioner can show cause and prejudice for the default. *Todd v. Schomig*, 283 F.3d 842, 848 (7th Cir. 2002). Lee argues that the failure of his appellate counsel to raise the prosecutorial misconduct issue on direct appeal was constitutionally ineffective assistance and was the cause of his procedural default. "Attorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default." *Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999); *see also Coleman*, 501 U.S. at 753-54. Whether an attorney's ineffectiveness is sufficient to overcome a procedural default is evaluated under the familiar constitutional test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). *Coleman*, 501 U.S. at 752. Therefore, to make a showing sufficient to establish cause for his procedural default, Lee would have to demonstrate: (1) that his counsel's performance was so deficient as to fall below an objective standard of reasonableness under "prevailing professional norms"; and (2) that the deficient performance so prejudiced the defense as to deny the defendant a fair trial. *Strickland*, 466 U.S. at 687-88; *see also Franklin*, 188 F.3d at 883-84. The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is "both obvious and clearly stronger" than the issues raised, the appellate counsel's failure to raise the neglected issue is objectively deficient. *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001); *Williams v. Parke*, 133 F.3d 971, 974 (7th Cir. 1997).

Prejudice is established if the issue not raised "may have resulted in a reversal of the conviction or an order for a new trial." *Winters*, 274 F.3d at 1167. This means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised.

However, there is one preliminary puzzle we must examine before we proceed. The Supreme Court's decision in *Edwards v. Carpenter*, 529 U.S. 446 (2000), established that the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted. *Id.* at 453. The result is a tangled web of defaults excused by causes that may themselves be defaulted and require a showing of cause and prejudice—a result that has an "attractive power for those who like difficult puzzles[,]" but not for prisoners seeking federal post-conviction relief. *Id.* at 458 (Breyer, J., concurring). Lee does not face that particular dilemma since he raised his ineffective assistance of counsel claim in his very first state post-conviction petition. But let us presume, as is the case here with Lee, that a petitioner does pass the *Edwards* test, and offers up ineffective assistance of counsel as cause for his procedural default, and that an ineffective assistance of counsel claim was presented as an independent claim in state court and was ruled upon on the merits. *Edwards* does not instruct us whether we must evaluate the ineffective assistance of counsel claim with the same deference for the state court's determination (under § 2254(d)) that we would utilize in evaluating the actual habeas petition's claim (here, prosecutorial misconduct), or that we would utilize if the ineffective assistance claim had been presented as the subject of a habeas petition instead of as cause for default. In other words, does the same claim of ineffective assistance of counsel get reviewed differently when pre-

sented merely as cause for a procedural default as opposed to being presented in a petition as the basis in the first instance for habeas relief? This is a question that has not yet been answered in this court, and appears to have been clearly addressed by only two district courts that we can find, with each one answering differently. *Compare Orbe v. True*, 233 F. Supp.2d 749, 760 (E.D. Va. 2002) ("In the end, then, [petitioner's] ineffective assistance claims asserted as cause to excuse default were decided on the merits by the Supreme Court of Virginia, and thus must be reviewed deferentially pursuant to § 2254(d)."), *with Holloway v. Horn*, 161 F. Supp.2d 452, 478 n.12 (E.D. Pa. 2001), *and Holland v. Horn*, 150 F. Supp.2d 706, 747 (E.D. Pa. 2001) (both finding that ineffective assistance of counsel as a cause for procedural default is not reviewed under the deferential standard of § 2254(d)). We do not believe that this question must be answered in the present case because regardless whether we review Lee's ineffective assistance claim de novo or deferentially, our answer is still the same: there was no ineffective assistance of appellate counsel because Lee cannot show prejudice.

Even assuming that it was objectively deficient for Lee's appellate counsel to fail to raise prosecutorial misconduct on direct appeal, there was no reasonable probability that the outcome of the appeal would have been different had the misconduct issue been raised. If the misconduct issue had been raised on direct appeal, the lack of a contemporaneous objection to the prosecutor's improper statements would have meant the issue was waived under Indiana law. *See Benson v. State*, 762 N.E.2d 748, 755-56 (Ind. 2002) ("A claim of prosecutorial misconduct is waived if there is no contemporaneous objection."). Waiver can be overcome, however, if the claimed error satisfies Indiana's fundamental error exception. *See Etienne v. State*, 716 N.E.2d 457, 461-62 (Ind. 1999). The fundamental error exception is a narrow one requiring that the error be

blatant and result in a great and undeniable harm to the defendant. *See Benson*, 762 N.E.2d at 755 (finding that fundamental error "must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process") (quotations omitted); *Ford v. State*, 704 N.E.2d 457, 461 (Ind. 1998) ("This Court views the fundamental error exception to the waiver rule as an extremely narrow one, available only when the record reveals clearly blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied.") (quotations omitted). The "harm" in question is obviously not the resulting conviction (or all errors made in trials where convictions resulted would be "fundamental"), but rather the "denial of procedural opportunities for the ascertainment of truth to which he otherwise would have been entitled." *Townsend v. State*, 632 N.E.2d 727, 730 (Ind. 1994). For alleged prosecutorial misconduct to be fundamental error, the improper statements must have subjected the defendant to "grave peril" and "had a probable persuasive effect on the jury's decision." *Carter v. State*, 686 N.E.2d 1254, 1262 (Ind. 1997).

We do not believe that, in the final analysis, the improper statements by the prosecutor subjected Lee to grave peril nor did they have a probable persuasive effect on the jury's decision. The first statement by the prosecutor was de minimis, and the second statement, while longer, was made in the context of rebutting Lee's assertion in closing arguments that Rainey had been given a deal for his testimony. The prosecution was explaining that there was no deal, but rather that Rainey had been charged only with one crime because the prosecutor believed that Rainey had committed only that one crime. The statements were improper, but they did not subject Lee to grave peril nor did they have a probable persuasive effect on the jury.

Additionally, the jury did have Lee's own taped confession before it as evidence of his guilt. If Lee's attorney had raised prosecutorial misconduct on direct appeal, the Indiana Court of Appeals would likely have found no fundamental error and considered the argument waived. Therefore, there is no reasonable probability that the outcome of Lee's direct appeal would have been different had the issue been raised, and, therefore, the decision not to raise the issue on direct appeal was not ineffective assistance of counsel. Because there was no ineffective assistance of appellate counsel, there is no cause to excuse the procedural default of the prosecutorial misconduct issue. Lee's petition was properly denied.

## III.

For the foregoing reasons, the district court's denial of Lee's § 2254 petition is AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*