Marcos **VILLAGOMEZ,** Petitioner–Appellant,

v.

Jerry **STERNES,** Respondent–Appellee.

No. 02–3264.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 22, 2004.*

Decided Jan. 28, 2004.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

## ORDER

Marcos Villagomez, a Mexican citizen, was convicted in Illinois state court of first-degree murder and sentenced to 30 years' imprisonment. After Villagomez exhausted his state-court remedies, he filed a petition under 28 U.S.C. § 2254, claiming only that his post-arrest statement should have been suppressed because it was obtained in violation of Article 36 of the Vienna Convention. *See* Vienna Convention on Consular Relations, April 24, 1963, art 36, 21 U.S.T. 77 (providing that authorities "shall inform" an arrested individual "without delay" of his right to communicate with the consular post of his home country). The district court denied his petition but granted a certificate of appealability. We affirm.

In his petition Villagomez argued that when Detective Fernando Montilla, who was the interpreter at Villagomez's interrogation, translated his statement, Montilla omitted Villagomez's assertion that he murdered the victim in self-defense. Villagomez contends that contacting the Mexican consul would have allowed him access to an objective interpreter who would have included the self-defense portion of his statement. The district court concluded that suppression of a statement is not the appropriate remedy for a violation of the Vienna Convention and denied the petition.

In reviewing Villagomez's petition, however, the district court did not consider that Villagomez procedurally defaulted his federal claim. The Illinois Appellate Court, the last state court to review Villagomez's argument, found that Villagomez raised the argument "for the first time on appeal," thereby waiving it, and consequently the court considered his claim only for plain error. *People v. Villagomez,* 313 Ill.App.3d 799, 246 Ill.Dec. 708, 730 N.E.2d 1173, 1182 (2000). The Illinois Appellate Court analyzed the Vienna Convention but concluded that Villagomez could not escape the waiver because the treaty does not create a fundamental right. *Id.* at 1182–83. We have consistently held that "[w]hen a state court denies a prisoner relief on a question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted." *Lee v. Davis,* 328 F.3d 896, 899–900 (7th Cir.2003). *See also Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Moreover, the Illinois Appellate Court's discussion of Villagomez's claim did not cure the default. "[T]he examination required to determine whether there had been a fundamental error [does] not undermine reliance on an independent state procedural ground of waiver; and federal habeas review [is] precluded." *Lee,* 328 F.3d at 900. *See also Rodriguez v. McAdory,* 318 F.3d 733, 735–36 (7th Cir.2003).

Villagomez could overcome his procedural default by showing cause and prejudice, *see Lee,* 328 F.3d at 900, but having failed to recognize the default Villagomez does not make this argument. Even if given the opportunity, Villagomez could not establish prejudice. Although Article 36 "arguably confers on an individual the right to consular assistance following arrest," *Breard v. Greene,* 523 U.S. 371, 376, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1998) (per

curiam), the district court correctly concluded that suppression of a statement is not the appropriate remedy for a violation of that right, *United States v. Felix–Felix,* 275 F.3d 627, 635 (7th Cir.2001); *United States v. Carrillo,* 269 F.3d 761, 771 (7th Cir.2001); *United States v. Lawal,* 231 F.3d 1045, 1048 (7th Cir.2000); *United States v. Chaparro–Alcantara,* 226 F.3d 616, 621 (7th Cir.2000). Villagomez argues that a Delaware court suppressed a statement because it was obtained in violation of the Vienna Convention, *State v. Reyes,* 740 A.2d 7, 14 (Del.Super.Ct.1999), but Delaware subsequently reversed its position on the issue, *State v. Vasquez,* Nos. 98–01–0317–R2 & 98–02–1488–R2, 2001 WL 755930, at *1 (Del.Super.Ct. May 23, 2001) (unpublished decision). Further, other circuits that have spoken on the issue agree that suppression of a statement is not a remedy available under the Vienna Convention. *See, e.g., United States v. Page,* 232 F.3d 536, 540 (6th Cir.2000); *United States v. Li,* 206 F.3d 56, 60 (1st Cir.2000) (en banc); *United States v. Lombera–Camorlinga,* 206 F.3d 882, 885–88 (9th Cir.2000) (en banc).

Thus, the state court did not unreasonably apply federal law when it concluded that, even if Villagomez's argument had been properly raised, he could not obtain suppression. *See* 28 U.S.C. § 2254(d)(1) (relief available only if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law"); *Mitchell v. Esparza,* — U.S. —, —– – —, 124 S.Ct. 7, 11–12, 157 L.Ed.2d 263 (2003) (per curiam) (relief available under § 2254 only if the state court's conclusion was "objectively unreasonable"); *Johnson v. Bett,* 349 F.3d 1030, 1034 (7th Cir.2003) (same). And the district court's denial of Villagomez's petition was similarly correct.

AFFIRMED.