**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL ALEXANDER RODRIGUEZ,

Petitioner-Appellant,

v.

STEPHEN MORRIS; ATTORNEY
GENERAL FOR THE STATE OF
ARIZONA,

Respondents-Appellees.

No.    21-16024

D.C. No. 2:19-cv-04957-GMS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted March 8, 2022
Phoenix, Arizona

Before:  PAEZ, CLIFTON, and WATFORD, Circuit Judges.

Daniel A. Rodriguez appeals the district court's denial of his petition for a

writ of habeas corpus filed under 28 U.S.C. § 2254. The narrow certified issue on

appeal is whether Rodriguez's ineffective assistance of appellate counsel ("IAAC")

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

claim qualifies as cause to excuse the procedural default of his prosecutorial misconduct claim.[1] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

Rodriguez was convicted by a jury in Arizona state court of various felonies in connection with his role in two shootings during a dispute with his girlfriend. On direct appeal, his counsel declined to raise the issue of prosecutorial misconduct in favor of a Fourth Amendment issue. After the appeal was unsuccessful, Rodriguez filed a habeas petition in state court raising ineffective assistance of trial counsel, trial judge abuse of discretion, prosecutorial misconduct, and IAAC. The state trial court denied habeas relief, in part because Rodriguez had waived his prosecutorial misconduct claim by failing to raise it on direct appeal and because any deficient performance on the part of defense counsel did not prejudice Rodriguez. The Arizona Court of Appeals granted review but denied relief in a short summary order, and the Arizona Supreme Court denied review altogether.

Under Arizona law, the failure to raise an issue that could have been raised on direct appeal is a procedural bar to habeas review on the merits. *State v. Petty*,

---

[1] Rodriguez's Opening Brief presents uncertified issues outside the scope of the district court's Certificate of Appealability ("COA"). We decline to expand the COA to reach those issues. *See* 28 U.S.C. § 2253(c)(2).

238 P.3d 637, 640 (Ariz. Ct. App. 2010) (citing Ariz. R. Crim. P. 32.2(a)). Here, then, Rodriguez's failure to raise prosecutorial misconduct on direct appeal means the issue was procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Lee v. Davis*, 328 F.3d 896, 899–900 (7th Cir. 2003). Rodriguez is therefore only entitled to federal habeas review on the merits of his prosecutorial misconduct claim if he shows that the procedural default is excused by cause and prejudice. *See Atwood v. Ryan*, 870 F.3d 1033, 1059 (9th Cir. 2017).

Rodriguez argues that his IAAC claim based on appellate counsel's failure to raise prosecutorial misconduct on direct appeal constitutes cause to excuse the default of the prosecutorial misconduct claim. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). We analyze Rodriguez's IAAC claim in the cause-and-prejudice context de novo.[2] *Visciotti v. Martel*, 862 F.3d 749, 769 (9th Cir. 2016).

---

[2] We need not reach the question of whether Rodriguez's IAAC claim establishes an independent substantive basis for habeas relief because that question is outside the scope of the COA. In any event, because we conclude that appellate counsel's performance was not constitutionally ineffective, it follows that we would not disturb the state habeas court's adjudication of that claim on the merits. *See* 28 U.S.C. § 2254(d) (barring relitigation of any claim "adjudicated on the merits" in state court unless the decision was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented); *Harrington v. Richter*, 562 U.S. 86, 99 (2011) (a claim not dismissed for procedural reasons is presumed to be decided on the merits).

To establish cause, Rodriguez must show that he was deprived of his constitutional right to effective counsel in violation of the Sixth Amendment. *Id.* To do that, Rodriguez must first have presented IAAC as an independent claim in state court. *Edwards v. Carpenter*, 529 U.S. 446, 452–53 (2000). Because he raised the claim in his state habeas petition, he satisfies that threshold inquiry. He next must establish that his appellate counsel's performance was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel is ineffective under *Strickland* if the lawyer's performance was objectively unreasonable and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The "mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Carrier*, 477 U.S. at 486; *see also Moorman v. Ryan*, 628 F.3d 1102, 1106–07 (9th Cir. 2010).

Because we conclude that Rodriguez was not prejudiced by counsel's failure to raise prosecutorial misconduct on direct appeal, we need not decide whether counsel's performance was deficient. *See Jackson v. Calderon*, 211 F.3d 1148, 1155 n.3 (9th Cir. 2000). We conclude that Rodriguez was not prejudiced because there is not a "reasonable probability" that the outcome of his direct appeal would

have been different had counsel raised prosecutorial misconduct. *Cf. Strickland*, 466 U.S. at 694.

To warrant reversal for prosecutorial misconduct under Arizona law, "the conduct must have been so pronounced and persistent that it permeated the entire trial and probably affected the outcome." *State v. Bolton*, 896 P.2d 830, 847 (Ariz. 1995). Arizona courts consider whether the prosecutor's actions were "reasonably likely to have affected the jury's verdict, thereby denying [the] defendant a fair trial." *Id.* (citation omitted). Courts review the "cumulative misconduct" to decide whether the "total effect" rendered the trial unfair. *State v. Hulsey*, 408 P.3d 408, 429 (Ariz. 2018).

We are not convinced that there is a reasonable probability that an Arizona court would have ordered a new trial based on the prosecutor's conduct here. First, the state habeas court expressly rejected Rodriguez's claim of ineffective assistance of trial counsel for failing to object to certain misconduct, finding that any deficient performance did not prejudice Rodriguez's defense or render different trial results than would have been achieved through competent performance. If an Arizona court was unwilling to order a new trial based on trial counsel's failure to object to misconduct, we see no reason to conclude that the

same court would have done so based on appellate counsel's failure to raise the same misconduct on appeal.

Second, much of the alleged misconduct was waived for lack of contemporaneous objection at trial such that it could only be overcome on appeal by a showing of fundamental error. *State v. Hughes*, 969 P.2d 1184, 1197 (Ariz. 1998) (en banc). We cannot conclude that the waived misconduct constituted fundamental error. *See id.*

Third, we do not conclude that an Arizona court would have found that the instances of misconduct were "so pronounced and persistent" to have "permeated the entire trial and probably affected the outcome." *Bolton*, 896 P.2d at 847. The most serious allegation in our view is that the prosecutor implied that the threatening text messages were recovered on Rodriguez's phone, when in fact they were not. Although we acknowledge that the prosecutor mischaracterized the source of the threatening text messages to corroborate other witness testimony, the record contains other evidence linking Rodriguez to those messages and connecting him to the shootings. In our view, the evidence regarding the text messages was cumulative of other properly presented evidence. Our conclusion is bolstered by the state habeas court's conclusion that any deficient performance by trial counsel would not have rendered different results at trial. Even accepting—as

6

the district court below did—that the prosecutor engaged in some "instances of misconduct or near misconduct, altogether it was not so prolonged or pronounced that it affected the fairness of trial." *Hulsey*, 408 P.3d at 429–30.

In summary, Rodriguez has not shown that his appellate counsel was constitutionally ineffective under *Strickland*. The district court therefore properly held that Rodriguez did not establish cause and prejudice necessary to excuse the procedural default of the prosecutorial misconduct claim. That claim is therefore not entitled to federal habeas review on the merits.

**AFFIRMED.**