COURT OF APPEALS
DECISION
DATED AND FILED

May 27, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2023AP2033**

**STATE OF WISCONSIN**

Cir. Ct. No.  2013CF5431

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

DAVEONTE S. BELL,

      DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: FREDERICK C. ROSA, Judge. *Affirmed*.

Before Donald, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     Daveonte S. Bell appeals an order that denied his motion seeking postconviction relief pursuant to WIS. STAT. § 974.06 (2023-24).[1]  Because his claims are procedurally barred, we affirm.

## Background

¶2     In 2013, the State filed a criminal complaint charging Bell with five crimes.  The most serious of the charges was first-degree reckless injury, by use of a dangerous weapon and as a repeat offender.  Specifically, the State alleged that Bell was in a car with a companion when he shot at another vehicle in which C.L., Bell's former girlfriend, was a passenger.  The bullet struck C.L.'s spine, paralyzing her from the waist down.  The remaining four charges arose from allegations that, prior to shooting C.L., Bell threatened and harassed her and shot at her new boyfriend.  The five charges carried an aggregate maximum sentence of 49 years of initial confinement and 21 years of extended supervision, as well as fines totaling $152,000.

¶3     The parties engaged in plea negotiations.  The State's final offer was that, in exchange for Bell's guilty plea to a charge of first-degree reckless injury, the State would dismiss and read in the other four charges, thus reducing Bell's maximum term of imprisonment to 15 years of initial confinement and 10 years of extended supervision.  *See* WIS. STAT. §§ 940.23(1)(a), 939.50(3)(d), 973.01(2)(b)4., (d)3. (2013-14).  The State further agreed to recommend 10 years of initial confinement and eight years of extended supervision.  Bell did not accept

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

the proposed resolution, contending that his passenger was the person who shot and injured C.L. The State revoked the offer.

¶4     The State subsequently amended the original charge of first-degree reckless injury to include an allegation that Bell was a party to the crime, affecting the significance of his contention that he was not the gunman. The State also charged Bell with more crimes, and in March 2014, he proceeded to a jury trial on a total of seven counts.[2] The jury found Bell guilty as charged. At sentencing, Bell faced maximum penalties totaling 96.5 years of imprisonment and $202,000 in fines. The circuit court imposed an aggregate 43-year term of imprisonment, bifurcated as 28 years of initial confinement and 15 years of extended supervision.

¶5     In August 2016, Bell, by postconviction counsel, filed a postconviction motion under WIS. STAT. RULE 809.30(2)(h) (2015-16), alleging that his trial counsel was ineffective in conveying the State's plea offer to him. In support, he claimed that his trial counsel led him to believe that if he accepted the State's proposal, he would face 25 years of confinement rather than 15. He further alleged that, but for this alleged communication error, he would have accepted the State's offer. The circuit court denied the claim without a hearing. Bell appealed, and we affirmed. *State v. Bell* (*Bell I*), No. 2016AP2395-CR, unpublished op. and order (WI App Jan. 10, 2018). We explained that Bell could not prevail without showing that his trial counsel's alleged error prejudiced him, and we concluded that he had failed to make that showing. Our analysis included a description of matters relevant to prejudice that Bell did not discuss, among them: (1) what sentence he believed he might receive after trial and how he weighed that possible sentence against the offer, *id.* at 8; (2) how he viewed the strengths and weaknesses of his

---

[2] The circuit court dismissed an eighth count as duplicative.

defense, *id.* at 8-9; (3) why he discounted the effect and value of the State's recommendation, *id.* at 9; and (4) what, if anything, demonstrated that he would have accepted responsibility if trial counsel had performed differently, *id.* at 9-10.

¶6      Bell retained successor counsel and, in August 2023, he filed a postconviction motion pursuant to WIS. STAT. § 974.06.  In that motion, he sought an order vacating his convictions and requiring the State to extend the original plea offer.  As grounds, he alleged that his trial counsel was ineffective and that his original postconviction counsel was ineffective in turn for failing to pursue or adequately litigate Bell's available postconviction claims.

¶7      Specifically, Bell first reasserted his claim that his trial counsel was ineffective in conveying the State's plea offer.  In support of this renewed claim, he signed an affidavit detailing trial counsel's alleged actions and inactions, and he argued that the affidavit supplied the information that we concluded in *Bell I* should have been provided to demonstrate trial counsel's ineffectiveness.  Bell then argued that his original postconviction counsel was ineffective for failing to include this information in the WIS. STAT. RULE 809.30 motion.

¶8      Bell also claimed that his trial counsel was ineffective for not "strongly advising Bell to accept the plea offer because he had no defense[.]"  In support of this claim, he submitted a letter that his trial counsel sent to him approximately nine months before Bell filed his WIS. STAT. RULE 809.30 motion.  In the letter, trial counsel indicated that he was unwilling to represent Bell in the postconviction proceedings because "it is in your best interest to have another lawyer represent you."  The letter suggested that another lawyer could argue that trial counsel "made a mistake," specifically, that "had [trial counsel] provided different advice, [Bell] would have accepted [the State's] offer of 10 years."  Bell

asserted that this letter revealed trial counsel's ineffectiveness in advising Bell, and he argued that his postconviction counsel was ineffective in turn for not using this letter to support the claim that trial counsel was ineffective.

¶9      The circuit court denied the WIS. STAT. § 974.06 motion without a hearing, concluding that Bell failed to demonstrate that either his trial counsel or his original postconviction counsel was ineffective.  Bell appeals.

## Discussion

¶10      When a defendant files a postconviction motion, the circuit court must hold a hearing if the motion contains sufficient allegations of material fact that, if true, would entitle the defendant to relief.  *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.  Whether the motion contains such allegations is a question of law for our independent review.  *Id.*  If the postconviction motion does not include sufficient allegations of material fact that, if true, entitle the defendant to relief, if the defendant's allegations are merely conclusory, or if the record conclusively shows that the defendant is not entitled to relief, the circuit court has discretion to deny a postconviction motion without a hearing.  *Id.*

¶11      To earn a hearing under the *Allen* standard, a defendant should support postconviction claims with specific factual allegations—"*e.g.*, who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." *Id.*, ¶2. The defendant must fulfill the *Allen* pleading requirement as to "every facet of his claim[s]." *State v. Romero-Georgana*, 2014 WI 83, ¶¶37-38, 360 Wis. 2d 522, 849 N.W.2d 668.  On appeal, this court determines the sufficiency of a postconviction claim by examining the four corners of the postconviction motion, not any subsequent brief. *Allen*, 274 Wis. 2d 568, ¶27.

¶12    In the WIS. STAT. § 974.06 motion underlying this appeal, Bell first claimed that his trial counsel was ineffective for failing to explain the terms of the proposed plea agreement. Bell also acknowledged that he had previously raised the same claim in his WIS. STAT. RULE 809.30 motion. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). The record thus conclusively shows that Bell is not entitled to relief on his previously litigated claim. The claim is barred.

¶13    Moreover, were we to conclude that Bell's previously litigated claim somehow survives the *Witkowski* bar, we would conclude that the claim fails to survive the bar imposed by WIS. STAT. § 974.06 and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). As the latter case explains, a defendant who has previously litigated a postconviction motion may not pursue a subsequent postconviction motion under § 974.06 unless the defendant demonstrates a sufficient reason for serial litigation. *Escalona-Naranjo*, 185 Wis. 2d at 185. Here, Bell asserted that his postconviction counsel's ineffective assistance in the proceedings underlying *Bell I* constitutes a sufficient reason to relitigate the claim he previously pursued. However, a defendant who seeks to rely on postconviction counsel's ineffectiveness as a sufficient reason for an additional postconviction motion must "make the case of" postconviction counsel's alleged ineffective assistance. *State v. Balliette*, 2011 WI 79, ¶67, 336 Wis. 2d 358, 805 N.W.2d 334. Bell failed to do so.

¶14    To make the case that postconviction counsel was ineffective, a convicted person must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Balliette*, 336 Wis. 2d 358, ¶28. The test requires the convicted person to prove both a deficiency in counsel's performance

and prejudice as a result. *Strickland*, 466 U.S. at 687. To prove deficiency, the person must show that counsel's actions or omissions "fell below an objective standard of reasonableness." *Id.* at 688. To prove prejudice, the person "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Whether counsel's performance was deficient and whether the deficiency was prejudicial are questions of law that we review de novo. *State v. Reinwand*, 2019 WI 25, ¶18, 385 Wis. 2d 700, 924 N.W.2d 184.

¶15 Here, Bell asserted in his WIS. STAT. § 974.06 motion: "[a]s stated in [*Bell I*], postconviction counsel did not explain why Bell rejected the plea offer, did not show how Bell evaluated the risk of rejecting the plea offer, did not say why the defendant discounted the plea offer, and did not show why Bell was 'unwilling to show responsibility.'" Bell then argued that "all of these issues are now explained in Bell's motion and affidavit. The fact that the [WIS. STAT. § 974.06] motion and affidavit now adequately explain the prior failures noted by the court of appeals in [*Bell I*] show that prior postconviction counsel was ineffective." Bell's arguments miss the mark because they focus on the wrong attorney.

¶16 In *Bell I*, we identified information that Bell did not include in his WIS. STAT. RULE 809.30 motion to support the claim that his trial counsel was ineffective in conveying the plea offer. Bell sought to supply the omitted information in his WIS. STAT. § 974.06 motion, but he could not pursue the claim at all unless he first showed that his postconviction counsel was ineffective in litigating it originally. *See Balliette*, 336 Wis. 2d 358, ¶¶62-63. However, the affidavit that Bell filed in support of his § 974.06 motion said nothing about his interaction with his original postconviction counsel or the facts surrounding postconviction counsel's approach. For example, he did not describe what he told his

postconviction counsel regarding the issue; or when he provided information about the issue to his postconviction counsel; or how he supported the information that he provided to postconviction counsel; or why postconviction counsel's approach was wrong in light of whatever specific information Bell provided. Accordingly, Bell did not show that his postconviction counsel performed deficiently by omitting that information from the original postconviction motion. *Cf. State v. Jones*, 2010 WI App 133, ¶33, 329 Wis. 2d 498, 791 N.W.2d 390 (holding that a lawyer is not ineffective for not presenting information that the defendant knew but did not reveal).

¶17 In sum, Bell previously litigated his claim that trial counsel was ineffective in communicating the State's plea offer, and relitigation of that claim is barred by *Witkowski*. Assuming without so holding that Bell could nonetheless relitigate the claim upon a showing that his postconviction counsel was ineffective, then *Escalona-Naranjo* bars the claim because he failed to make such a showing.

¶18 Bell's WIS. STAT. § 974.06 motion also raised a claim of trial counsel's ineffectiveness that Bell did not previously litigate, namely, that his trial counsel was ineffective for failing to "strongly advise" Bell to accept the State's plea offer. Bell further alleged that his postconviction counsel was ineffective for failing to raise this claim in his WIS. STAT. RULE 809.30 motion and that postconviction counsel's alleged ineffectiveness in this regard constituted a sufficient reason to raise the claim in a subsequent § 974.06 motion. We again conclude that Bell failed to demonstrate postconviction counsel's ineffectiveness, precluding further review.

¶19 When a defendant claims that postconviction counsel was ineffective for failing to raise an issue, proof of the deficiency prong of the analysis requires

the defendant to allege and show that the neglected issue was "clearly stronger" than the claims that postconviction counsel pursued. *Romero-Georgana*, 360 Wis. 2d 522, ¶¶4, 46. The defendant has the burden of demonstrating to the reviewing court that he or she has satisfied the "clearly stronger" standard. *Id.*, ¶58.

¶20 Bell failed to carry his burden. Demonstrating that a neglected claim was clearly stronger than claims actually pursued requires a comparison of "the issue not raised in relation to the issues that were raised[.]" *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003). As the circuit court explained here, Bell "offer[ed] no analysis to show that [his new] claim is clearly stronger than the issue counsel pursued on appeal."

¶21 In this court, Bell argues that the circuit court erred, and in support he directs our attention to portions of his WIS. STAT. § 974.06 motion. Our review reveals that they reflect Bell's description of what he perceives to be the merits of his new claim. Bell, however, was required to analyze the old and the new claims in relation to each other; he did not. He did not offer a side-by-side examination of the merits of the two claims, or compare the facts and the law of each claim to show the greater weight of the latter in comparison to the former. Bell failed to take any step in his postconviction motion to evaluate the relative strengths and weaknesses of the two claims and demonstrate that the new claim is "clearly stronger" than the old. That failure defeats his claim of postconviction counsel's ineffectiveness and dooms his serial litigation. "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). For all the foregoing reasons, we affirm.

*By the Court.*—Order affirmed.

9

This opinion will not be published. *See* W<small>IS</small>. S<small>TAT</small>. R<small>ULE</small> 809.23(1)(b)5.