James A. BURGIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1184S445.

Supreme Court of Indiana.

April 3, 1985.

Howard S. Grimm, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a conviction for the crime of Dealing in a Schedule I Controlled Substance.

The facts are: On November 5, 1981, Detective Steven J. Hamilton of the Allen County Police Department, accompanied by a confidential informant, entered the appellant's apartment in Decatur, Indiana. The confidential informant introduced him to appellant and a woman named Marlene Beitler. After a brief conversation Beitler asked Hamilton if he was there to pick up some acid. He replied that he was and that he wanted 40 hits.

Beitler then left the room to obtain the LSD. Hamilton and the confidential informant engaged in a conversation with appellant concerning drugs. Appellant told them that he had to be very careful with whom he dealt because he had been "busted" before. Appellant further stated the reason he was having Beitler handle the drugs was that he did not want to handle them in the presence of Hamilton. Hamilton then asked appellant how much he wanted for the drugs. Appellant said $2.00 a hit or a total of $80.00.

When Beitler returned to the room, she handed Hamilton the LSD and Hamilton gave appellant $80.00. Hamilton then asked appellant to count the money, which he did. Appellant then put the money in his pocket.

Beitler testified that she was also charged with the same crime as appellant and that her trial had not yet taken place. She testified that appellant kept drugs consisting of LSD in the apartment and that he sold them to friends. Beitler testified she helped him keep the drugs and that if sales were made, he kept the money. Her statement of the facts in question was essentially the same as Detective Hamilton's. On cross-examination she denied that any deal had been made with the prosecutor concerning any sentence she might receive as a result of the instant charge.

Appellant claims the evidence is insufficient to support a conviction. He takes the position the evidence shows only that Beitler obtained the drugs and gave them to Detective Hamilton. Appellant contends Hamilton forced the money on him at the close of the transaction.

■ There is sufficient evidence in this case to sustain the verdict of the jury that appellant was in fact involved in the drug transaction. This Court will not weigh the evidence or judge the credibility of the witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260. We find no error as to the sufficiency of the evidence.

■ Appellant claims he is entitled to a new trial because the State failed to completely disclose the arrangements made for the testimony of Beitler. There is absolutely no evidence in this record to indicate that there was any transaction between the prosecutor and Beitler prior to her testimony against the appellant. In fact, upon cross-examination by appellant's counsel, she explicitly stated that no such transaction had occurred; that she expected to be tried on the same charge as appellant; and that she did not know what the outcome of that trial would be.

■ There is no evidence in this case that there was a failure on the part of the State to disclose an arrangement between the State and Beitler. Mere speculation as to the circumstances surrounding Beitler's

testimony is not sufficient to give rise to a presumption that any agreement had been reached. *Asbell v. State* (1984), Ind., 468 N.E.2d 845. The appellant must do more than create an inference of an agreement. *Bland v. State* (1984), Ind., 468 N.E.2d 1032.

The trial court is in all things affirmed.

All Justices concur.