William **SPANGLER**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 684S232.

Supreme Court of Indiana.

Oct. 24, 1986.

Nile Stanton, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a finding of guilty of Burglary, a Class B felony. Appellant was sentenced to a term of twenty (20) years.

The facts are: During the late evening hours of August 1, 1983, Barry Turpin, Randy Stewart, Tom Stewart, John Norris, and appellant met to determine who had taken approximately one (1) pound of marijuana from Tom Stewart's vehicle. Stewart believed David Wilson had removed the marijuana. Around 11:00 p.m., the group arrived at Wilson's residence. Norris remained outside to pacify a barking dog while the others kicked open Wilson's front door and entered the house. David and Stella Wilson, awakened by the noise, entered their living room and observed appellant beating Tony Davis, Wilson's brother-in-law, with a metal breaker bar. David Wilson was also struck by the metal breaker bar. The perpetrators subsequently fled from the residence.

On August 4, 1983, Randy Stewart, Tom Stewart, and appellant were charged with Burglary, a Class B felony, and Battery, a Class C felony. Prior to trial, on November 15, 1983, appellant requested that he be given ten (10) peremptory challenges. The trial court, over continued objection by appellant's counsel, granted the defendants ten (10) peremptory challenges to be exercised jointly. Consequently, the defendants moved for separate trials. The trial court denied the motion.

On November 16, 1983, the State dismissed the charges against Randy Stewart and Tom Stewart. As a result, appellant moved to dismiss the partial jury panel in order to obtain ten (10) peremptory challenges. The trial court denied the motion. The record reveals that appellant had one (1) peremptory challenge available to exercise at this point. Appellant later utilized this challenge. At this time, appellant also moved for a continuance to prepare his

defense and moved to depose both Tom Stewart and Randy Stewart. These motions were also denied by the trial court.

Appellant contends the trial court erred by refusing to grant appellant's additional peremptory challenges following the dismissal of charges against his codefendants.

■ Ind.Code § 35–37–1–3 sets forth the number of peremptory challenges for each party and further provides that when several defendants are tried together, they must join in their challenges. Provisions of this statute have been previously upheld by this Court. *Hunt v. State* (1983), Ind., 455 N.E.2d 307; *Morris v. State* (1977), 266 Ind. 473, 364 N.E.2d 132, *cert. denied*, 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462. There is no constitutional right to exercise a peremptory challenge. *Lund v. State* (1976), 264 Ind. 428, 345 N.E.2d 826. The right to peremptorily challenge a prospective juror is a matter of statutory grant and may not be expanded nor restricted by judicial interpretation. *Castro v. State* (1983), Ind.App., 442 N.E.2d 1141.

■ Appellant argues this limitation significantly impaired his right to a fair trial because he was required to share his peremptory challenges with codefendants who were dismissed by the State the following day. Appellant does not indicate that he wished to excuse certain jurors during *voir dire* proceedings but could not for lack of peremptory challenges. Appellant has shown no prejudice to himself; therefore, we find no error on this issue.

Moreover, appellant claims Ind.Code § 35–37–1–3 is unconstitutional as applied to him because he was required to exercise his ten (10) peremptory challenges jointly with his codefendants.

■ Appellant did not raise the constitutionality of Ind.Code § 35–37–1–3 in the Motion to Correct Error. As a result, he has preserved nothing for review upon this claim. *Harbison v. State* (1983), Ind., 452 N.E.2d 943; *Brown v. State* (1970), 254 Ind. 504, 260 N.E.2d 876.

Appellant next contends the trial court erred by refusing to grant his Motion for Continuance. Appellant claims that additional time was required in order to prepare his defense and to depose both Tom Stewart and Randy Stewart.

■ The granting or denying of a Motion for Continuance based upon non-statutory grounds is within the trial court's discretion. Ind.R.Tr.P. 53.5; *Crabtree v. State* (1984), Ind., 470 N.E.2d 725. To demonstrate an abuse of discretion, the record must reveal that the defendant was prejudiced by the failure to grant the continuance. *Peters v. State* (1984), Ind., 470 N.E.2d 708; *Hunt, supra.* However, granting continuances in order to allow more time for preparation is generally not favored without a showing of good cause and will only be granted in the furtherance of justice. *Bryan v. State* (1982), Ind., 438 N.E.2d 709.

■ There is no showing here that appellant suffered prejudice by the denial of the continuance. Appellant moved for a continuance on November 16, 1983, the same day the State dismissed the charges against Tom Stewart and Randy Stewart. Appellant has failed to demonstrate that he was unable to adequately prepare the case prior to presentation of the evidence at trial. Moreover, appellant had ample time and opportunity to question his former codefendants prior to this time. The trial court did not abuse its discretion by denying the Motion for Continuance. We find no reversible error on this issue.

Appellant next contends the trial court erred by overruling, during final argument, appellant's objections to the prosecutor's references to a metal breaker bar. Appellant claims that since the actual breaker bar used in the burglary was never recovered and offered into evidence, the prosecutor improperly referred to the breaker bar during final argument. We disagree.

■ The conduct of closing argument is within the trial court's discretion. *Whitacre v. State* (1980), 274 Ind. 554, 412 N.E.2d 1202, *Roach v. State* (1983), Ind.

App., 451 N.E.2d 388. During final argument, it is proper for counsel to argue both law and facts. *Cheney v. State* (1985), Ind., 486 N.E.2d 508. Although prosecutors may not argue facts not in evidence, they may properly argue their own analysis of the evidence. *Bennett v. State* (1981), Ind., 423 N.E.2d 588; *Roach, supra.*

Various witnesses testified, without objection by appellant, that they observed appellant strike an individual with a metal breaker bar while inside the Wilson's residence. Therefore, the prosecutor properly referred to the breaker bar during final argument. The trial court did not abuse its discretion. We find no error on this issue.

The trial court is in all things affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.