**Jerome JOSHUA, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 45S00–8712–CR–1173.

Supreme Court of Indiana.

May 15, 1990.

Nathaniel Ruff, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he received a sentence of forty-five (45) years.

The facts are: During the evening of February 28, 1986 and the early morning of March 1, the victim, Jessie (Renny) Jackson, and his friend, Don Taylor, were in Dobbie's Bar in Gary, Indiana. Appellant and some of his friends also were present. Some fifteen years previously, appellant and Jackson had been involved in an altercation while they were students at school.

The victim approached appellant in the bar and using obscene language told him he did not like him and alluded to the prior altercation between the two. Appellant showed the victim a gun and asked him to come outside. Appellant went outside but friends restrained the victim from doing so. Appellant reentered the bar and they again began arguing. One of appellant's friends intervened and apparently had convinced

the victim to forget the matter. However, this angered appellant, who remarked to his friend, "You shake this punk's hand and I was going to kill him." As the group left the bar, the victim and appellant again came face to face and appellant asked the victim, "Now what's up?" The victim raised his hands and said, "Man forget it." Nevertheless, appellant shot the victim, who then fell to the ground.

Appellant instructed his friend to search the victim. Nothing was taken from his person, and no weapon was found. The victim arose and started to run for his car; however, appellant fired additional shots at him. The victim again fell to the ground and later died in the hospital of a fatal gunshot wound to the chest.

■ Appellant claims the trial court erred in instructing the jury that mere words were not sufficient to reduce murder to manslaughter. In making this claim, appellant concedes that the law in fact is that mere words do not constitute sufficient provocation to reduce murder to manslaughter and cites *Sears v. State* (1986), Ind., 494 N.E.2d 1286; *Fowler v. State* (1985), Ind., 483 N.E.2d 739; and *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153, *cert. denied*, 471 U.S. 1104, 105 S.Ct. 2335, 85 L.Ed.2d 851.

Nevertheless, appellant contends that the court's Instruction No. 8 unduly emphasized this rule of law. Appellant further claims that when this instruction is taken together with Instructions Nos. 7 and 9, the combination substantially differs from the instructions approved in the above-cited cases. These instructions, however, read either singularly or together, are correct statements of the law as above stated.

However, appellant argues that the evidence shows that not words alone were used by the victim but that his menacing actions toward appellant should be considered. This does not gainsay the fact that the instruction on words alone as insufficient provocation was a correct instruction. Appellant's theory on menacing actions by the victim was instead germane to his claim of self-defense, which is an entirely different matter and on which the

court gave a proper instruction. We see no error in the giving of Final Instructions 7, 8, and 9.

■ Appellant claims the trial court erroneously failed to instruct the jury that the State had the burden of disproving sudden heat. He concedes that he tendered no such instruction to the trial court. However, he claims that the failure of the court to give such an instruction on its own motion constituted fundamental error. To support his contention that the absence of sudden heat must be established by the State, he cites *Harrington v. State* (1987), Ind., 516 N.E.2d 65 and *Holland v. State* (1983), Ind., 454 N.E.2d 409.

However, the facts in the case at bar differ substantially from the facts in the *Harrington* case. In *Harrington*, the defendant tendered an instruction which correctly explained the State's burden of proof to negate the presence of sudden heat. This Court, in *Harrington*, cited *Holland*, *supra* for that proposition. However, the trial court refused to give Harrington's tendered instruction on this subject. In *Harrington*, the majority held that the action of the trial court in refusing the tendered instruction left the jury without any instruction as to who bore the burden of proof concerning sudden heat or the absence thereof.

In the case at bar, no such instruction was tendered. Although no instruction was given concisely stating that the State bore the burden of proof on the absence of sudden heat, the trial court did give its Instruction No. 6 which was a correct statement of the included offense of manslaughter and its necessary elements, including sudden heat. The court also gave its Instruction No. 3, which stated that the burden of proving every element in the case was upon the State, and the defendant was not required to prove anything.

The trial court also gave Final Instructions Nos. 7 and 9, which explained what constituted sudden heat. We frequently have said that instructions must be construed together. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119. When these instruc-

tions are considered together, we cannot perceive how the jury could have been led to believe that the burden at any time shifted to appellant to establish the presence of sudden heat. Because, as conceded by appellant, no instruction was tendered on this subject, he is forced to rely on the principle of fundamental error in order to obtain a reversal on this proposition. In *Lacy v. State* (1982), Ind., 438 N.E.2d 968, 970, this Court stated that in order to constitute fundamental error, "the error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively."

In the case at bar, the failure to give the instruction does not rise to the stature of fundamental error for several reasons: First, as above set out, the court in fact did give general instructions on the burden of proof and the definitions of manslaughter and sudden heat; second, there is nothing in this record to justify a reduction to manslaughter on the basis of sudden heat, in view of the time elapsed between the time the victim made his obscene remarks to the appellant and the shooting, the conciliatory actions between appellant's friends and the victim, and the fact that prior to the firing of the first shot by appellant, the victim had raised his arms and asked appellant to forget the matter; and third, after firing the first shot, which caused the victim to fall to the ground, appellant had his friend search the victim, then when the victim arose and attempted to escape, appellant fired two more shots further wounding the victim.

Thus we cannot say that the absence of a precise instruction on the burden of proof as to sudden heat clearly appears to cause substantial harm to appellant. We therefore hold that there is no showing of fundamental error concerning this issue.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.