In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-2622

WILLIAM A. SANDERS,

*Petitioner-Appellant,*

*v.*

ZETTIE COTTON,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:02cv0778 AS—**Allen Sharp**, *Judge.*

ARGUED JUNE 16, 2004—DECIDED JANUARY 31, 2005

Before COFFEY, RIPPLE, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* William Sanders was convicted
of murder and attempted murder by an Indiana jury and
sentenced to consecutive terms of 40 and 25 years' impris-
onment, respectively. After his conviction and sentence were
affirmed on direct appeal, Sanders filed a post-conviction
petition in state court, claiming that the jury instructions
did not correctly state the burden of proof for murder, at-
tempted murder, voluntary manslaughter, and attempted
voluntary manslaughter, and that his appellate counsel was
ineffective for not challenging on direct appeal the trial

court's refusal to submit a jury instruction that would have correctly stated the burden of proof. Sanders's petition was denied by the trial court and the state appellate court, and the Supreme Court of Indiana denied his petition to transfer.

Sanders then filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated when the jury instructions did not correctly state the burden of proof and that his appellate counsel was ineffective for not challenging the trial court's refusal to submit a jury instruction that would have correctly stated the burden of proof. The district court denied Sanders's petition, and he now appeals that decision. We reverse.

## I.  Background

At the heart of Sanders's appeal is his argument that the jury instructions in his trial failed to properly identify the prosecution's burden of proving the absence of sudden heat in order to convict him of murder and attempted murder. In Indiana the only difference between murder and voluntary manslaughter is the presence of sudden heat, which Indiana defines as "anger, rage, resentment, or terror sufficient to obscure the reason of an ordinary man; it prevents deliberation and premeditation, excludes malice, and renders a person incapable of cool reflection." *McBroom v. State*, 530 N.E.2d 725, 728 (Ind. 1988). If a defendant charged with murder produces "any appreciable evidence" that he or she committed the crime under sudden heat, the trial court must give a voluntary manslaughter instruction, *Roark v. State*, 573 N.E.2d 881, 882 (Ind. 1991), and the burden shifts to the prosecution to prove the absence of sudden heat beyond a reasonable doubt in order to obtain a conviction for murder, *see McBroom*, 530 N.E.2d at 728.

## A. Factual Background

The facts come from the record compiled in the state court. Sanders was charged with the murder of his son and the attempted murder of his girlfriend. On March 6, 1990, Sanders and his girlfriend, Sharon Pratchett, took their sick son to the hospital. While at the hospital, Sanders and Pratchett began to argue and the argument continued as they drove back to Pratchett's house. At trial, Pratchett and Sanders told conflicting descriptions of the argument. Pratchett testified that the argument began when Sanders accused her of embarrassing him. Although Pratchett's testimony is not clear, it appears that Sanders was jealous because Pratchett and another man looked at each other in the hospital waiting room. According to Pratchett, as Sanders's rage escalated, he became violent, hitting her in the face, grabbing her by the hair, and threatening to kill her. Pratchett said she feared for her life, so she grabbed her son and jumped from the moving car. Sanders testified that the argument began when he told Pratchett that he was going to leave her. Sanders said that Pratchett had always told him that he could not leave her and be involved in his son's life; but that during the argument he insisted he was taking his son. Sanders said that Pratchett then threw their son out the window, so he began hitting her, and that was the last thing he remembered. What is not in dispute is that Sanders turned the car around, crossed over into oncoming traffic where Pratchett and their son were lying, and hit them both with the car. Pratchett was injured and their son was killed.

## B. Jury Instructions

After the evidence was presented to the jury, the trial court instructed the jury as to the elements of murder and attempted murder as well as the lesser-included offenses of voluntary manslaughter and attempted voluntary man-

slaughter. Indiana law requires the prosecution to prove the absence of sudden heat to obtain a murder or attempted murder conviction when the defendant has asserted the issue. *Palmer v. State*, 425 N.E.2d 640, 644 (Ind. 1981). Nevertheless, the murder and attempted murder jury instructions did not mention sudden heat. Instead, the jury instructions for voluntary manslaughter and attempted voluntary manslaughter stated that the jury could convict Sanders only if the State proved beyond a reasonable doubt that he was "acting under sudden heat." In other words, the burden to prove the existence, not the absence, of sudden heat was allocated to the State.

Sanders's counsel proposed a jury instruction ("Proposed Instruction Two") that would have properly placed the burden of proof on the State:

> You are instructed that in order to find the defendant guilty of the offense of murder or attempted murder, you must find that the state has proven the absence of sudden heat beyond a reasonable doubt.

Sanders's counsel, Scott King, and the trial judge discussed the propriety of this instruction:

> MR. KING: One of the—I wanted to tender one basically allocating the burden on the sudden heat. Nowhere in there in the proposed instructions is the jury instructed the State must prove the absence of sudden heat beyond a reasonable doubt. It's rather laid out as an element they must prove for the offense of voluntary or attempted voluntary manslaughter. The case law is that it is a mitigating circumstance.
>
> TRIAL COURT: It's an interesting conflict in the case law. First they say it's an element of the offense, and then in another case, they say it's merely a mitigating factor, and the State is not under an obligation to prove it is an element; and, of course,

> I try to follow everybody up there in the Third District, Fourth District in the Supreme Court. I do not believe that the burden is upon the State. This is my best guess today, it's my best guess knowing the authorities on both sides, to resolve the conflict that the State does not have the burden of disproving sudden heat.

## C. Sanders's Post-Conviction Proceedings

On direct appeal, Sanders's counsel, Scott King, did not challenge the trial court's failure to properly instruct the jury. Sanders filed a post-conviction petition raising, among other issues, the trial court's failure to give Proposed Instruction Two, the incorrect burden of proof stated in the manslaughter instructions, and his appellate counsel's ineffectiveness for failing to argue both issues on direct appeal.[1] The trial court held an evidentiary hearing where King testified that he could not remember why he did not include an argument challenging the jury instructions' misstatement of the burden of proof for sudden heat.

The trial court analyzed Sanders's claims under the standard of fundamental error, which Indiana defines as "when errors are so blatant and serious that to ignore them would constitute a denial of fundamental due process." The trial court acknowledged that the manslaughter instructions tendered to the jury were erroneous because the instructions incorrectly listed the presence of sudden heat as an element of voluntary manslaughter and attempted volun-

---

[1] Sanders's petition was initially denied on the basis of laches and the appellate court affirmed, but the Supreme Court of Indiana reversed that decision and remanded the case to the trial court. All subsequent references to the state court's determinations of Sanders's post-conviction petition will refer to the decisions on remand.

tary manslaughter. However, the trial court, relying on Indiana state law precedent, found that the error was harmless because the instruction told the jury that "[t]he existence of sudden heat is a mitigating factor that reduces what otherwise would be murder under this chapter to voluntary manslaughter." The court found that Proposed Instruction Two, allocating the burden to prove absence of sudden heat to the State as an element of murder, was an incorrect statement of the law, so the trial court correctly excluded it. Finally, despite its explicit statement that the instruction was erroneous, the court held that Sanders's counsel could not have been ineffective because "the jury was adequately instructed on voluntary manslaughter, and thus, the defendant was not prejudiced by counsel's faulty instruction."

Sanders appealed the denial of his post-conviction petition to the Court of Appeals of Indiana. The appellate court agreed with the trial court's finding that the voluntary manslaughter instructions were erroneous, but found the error harmless because the jury instructions "also informed the jury that sudden heat is a mitigating factor." Therefore, the court found that "the trial court did not abuse its discretion in refusing to give the trial counsel's tendered instruction because the instructions were correct and adequately instructed the jury on voluntary manslaughter." The appellate court also agreed that Sanders's appellate counsel was not ineffective since there could be no prejudice because the jury instructions, when read as a whole, did "not constitute fundamental error." The Supreme Court of Indiana denied review.

## II. Discussion

We review the district court's factual findings for clear error and legal conclusions *de novo*. *Harding v. Walls*, 300 F.3d 824, 827 (7th Cir. 2002). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), to obtain

habeas corpus relief, a petitioner must establish that the proceedings in state court resulted in a decision (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The relevant decision for purposes of this assessment is the decision of the last state court to rule on the merits of the petitioner's claim. *See McFowler v. Jaimet,* 349 F.3d 436, 446 (7th Cir. 2003).

## A.  Due Process Claim

Sanders first argues that his due process rights were violated when the state court failed to instruct the jury that the State had to prove the absence of sudden heat beyond a reasonable doubt before it could convict him of murder or attempted murder. Respondent argues that Sanders has procedurally defaulted this claim because, on review of the denial of the post-conviction petition, the Court of Appeals of Indiana found the issue waived.

### 1.  Procedural Default: Independent and Adequate State Law Grounds

We will not consider a petitioner's claim under federal law if we determine that "the state court decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003). The Indiana appellate court analyzed Sanders's claim under the fundamental error standard, which "permits a reviewing court to consider the merits of an improperly raised error if the reviewing court finds that the error was so prejudicial to the rights of the appellant that he could not have had a fair

trial." However, under *Harris v. Reed*, 489 U.S. 255, 263-65 (1989), only an explicit invocation of a state procedural bar blocks federal consideration of an issue.

Here, the language in the state court's opinion is not explicit. The Court of Appeals of Indiana recited that "[i]f an issue was available on direct appeal but not litigated, it is waived." But instead of following that observation with a conclusion such as "and Sanders' claims are waived under that standard," the court immediately proceeded to address and decide the merits. *See, e.g.*, *Moore v. Bryant*, 295 F.3d 771, 774-75 (7th Cir. 2002). Notably, the appellate court applied waiver to Sanders's claim that the trial court failed to properly instruct the jury that the State had to prove that Sanders had the specific intent to kill to convict him of attempted murder, but failed to apply the procedural bar to the rest of Sanders's claims.

We have held that if the decision of the state court "fairly appears to rest primarily on the resolution of those claims, or to be interwoven with those claims, and does not clearly and expressly rely on the procedural default, we may conclude that there is no independent and adequate state ground and proceed to hear the federal claims." *Page*, 343 F.3d at 907. Here, the Indiana appellate court never applied the doctrine of waiver to the claims Sanders raised in his habeas corpus petition and the court concluded that Sanders's claims failed on the merits. Because the appellate court's discussion of waiver is intertwined with its merits analysis of Sanders's claims, the state court's decision does not rest on an independent and adequate state law ground. *See Harris*, 489 U.S. at 266; *Moore*, 295 F.3d at 774-75.

In any event, a procedural default can be overcome if a petitioner can show cause and prejudice for the default, *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003), and "attorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default," *Franklin v. Gilmore*, 188

F.3d 877, 883 (7th Cir. 1999). Any default of Sanders's due process claim was caused by his appellate counsel's failure to raise the issue on direct appeal, and, as we discuss in Section II-B of this order, Sanders's counsel was constitutionally ineffective for not challenging the trial court's refusal to properly instruct the jury that the State bears the burden to prove the absence of sudden heat to obtain a murder or attempted murder conviction.

## 2.  Procedural Default: Fair Presentment

Next, the Respondent argues that Sanders procedurally defaulted his claim because he solely relied on Indiana state law, which does not implicate a cognizable federal claim upon which habeas relief could be granted. Petitioners are required to "fairly present their federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

We have held that fair presentment requires a petitioner to put forward operative facts and controlling legal principles. *Sweeney v. Carter*, 361 F.3d 327, 332 (7th Cir. 2004). Whether he has done so depends on several factors, including: "(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Id.*

In Sanders's appeal to the Court of Appeals of Indiana, he alleged a "due process" violation and argued that "if the jury makes its decision without knowing that to convict on murder it must find beyond a reasonable doubt that sudden

heat was absent then in effect there is no jury finding on the question of the presence or absence of sudden heat." To support his argument, Sanders cited *Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993), in which the Supreme Court held that it is a due process violation if the court offers a defective jury instruction on reasonable doubt.

Although Sanders is not challenging the jury instruction defining reasonable doubt, it is clear that he was attempting to raise a constitutional complaint about the failure of the jury instructions to require the jury to find the absence of sudden heat beyond a reasonable doubt before convicting him of murder and attempted murder. *See Sweeney*, 361 F.3d at 332 (finding that petitioner had fairly presented a federal ineffective assistance of counsel claim when he cited the Sixth Amendment and *Strickland v. Washington*, 466 U.S. 668 (1984) to the state court). Because Sanders's brief to the state appellate court applied the Supreme Court's due process analysis to his jury instruction challenge and provided a citation to a case that would have "alerted the court to the alleged federal nature of the claim," he fairly presented his federal constitutional claim to the Indiana state courts. *See Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1351 (2004); *see Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001).

### 3. Merits of Sanders's Due Process Claim

With the waiver and fair presentment issues resolved, we now address the merits of Sanders's due process claim. Sanders contends that the trial court's refusal to instruct the jury as to the State's burden of proving the element of the absence of sudden heat violates his federal due process rights because the jury could have convicted him of murder and attempted murder without finding that the State proved each element of the crime beyond a reasonable doubt. Sanders also challenges the erroneous manslaughter in-

structions that included the presence of sudden heat as an element.

Indiana law, currently and at the time of Sanders's trial, requires the prosecution to prove the absence of sudden heat to convict a defendant of murder or attempted murder once the defendant has introduced some evidence that he or she committed the crime under sudden heat. *McBroom*, 530 N.E.2d at 728. Three years before Sanders's trial, the Supreme Court of Indiana held that if the jury instruction on murder did not include an element requiring the prosecution to prove the absence of sudden heat and the trial court refused a proposed jury instruction that explains that the State must negate the presence of sudden heat beyond a reasonable doubt, then the trial court committed reversible error, necessitating a new trial. *Harrington v. State*, 516 N.E.2d 65, 66 (Ind. 1987). The Indiana courts have held that the "action of the trial court in refusing the tendered instruction left the jury without any instruction as to who bore the burden of proof concerning sudden heat or the absence thereof." *Joshua v. State*, 553 N.E.2d 1202, 1203 (Ind. 1990). Without the proper instructions, the jury "may have believed [the defendant] had to prove he acted in sudden heat," rather than that "the State had to negate its existence." *Harrington*, 516 N.E.2d at 66.

In Sanders's case, the Indiana appellate court held that any error in the manslaughter instruction was rendered harmless by the instruction that "sudden heat is a mitigating circumstance that reduces what otherwise would be murder . . . to voluntary manslaughter." The appellate court's analysis was incomplete, though, because it did not address Sanders's argument that without Proposed Instruction Two the jury would have no reason to know that the absence of sudden heat was an element of murder and attempted murder that the State was required to prove beyond a reasonable doubt.

The Supreme Court of the United States has held that "the Due Process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged," *In re Winship*, 397 U.S. 358, 364 (1970), and "requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case," *Mullaney v. Wilbur*, 421 U.S. 684, 704 (1975). We have explained that "the complete failure to give any jury instruction on an essential element of the offense charged, under circumstances indicating that the jury was not otherwise informed of the necessity of proof of the element, is a violation of due process." *Cole v. Young*, 817 F.2d 412, 423 (7th Cir. 1987).

Here, the jury instructions do not contain any statement that properly places the burden of proof on the State for showing the absence of sudden heat to gain a murder conviction. Rather, the only time the jury instructions mention the burden of proof for sudden heat is in the manslaughter instructions, where they erroneously require the State to prove the presence of sudden heat. Without Proposed Instruction Two, the jury was never informed of each of the required elements of the government's proof for murder and attempted murder, and if the jury was not required to find Sanders guilty beyond a reasonable doubt on all the elements of murder and attempted murder, he did not receive the protections of federal due process. The Indiana appellate court's reliance on the manslaughter instructions' mitigation language to correct the erroneous instructions was unreasonable because advising the jury that sudden heat is a mitigating factor does nothing to inform it that the absence of sudden heat is an element of murder or attempted murder and that it is the prosecution that bears the burden of proof.

The Respondent argues that the Indiana appellate court made a reasonable determination that the erroneous instructions, when read as a whole with the other instructions, fully apprised the jury that under Indiana law, sudden heat is a factor that could reduce murder to manslaughter. Instructing the jury that sudden heat is a mitigating factor did not inform them that it was something that the State had to disprove, rather they were left "ignorant of which side bore the burden of proof." *Harrington*, 516 N.E.2d at 66. It is just as reasonable for someone to assume that acting under sudden heat is like the affirmative defense of insanity, where the burden of proof is on the defendant. *See Thompson v. State*, 804 N.E.2d 1146, 1148 (Ind. 2004). The jury instructions not only failed to properly state the burden of proof, but affirmatively misstated it when the manslaughter instructions included the element of proving the existence of sudden heat.

The Respondent also argues that any error in the jury instructions was harmless because Sanders was not entitled to the manslaughter instructions. However, the Respondent did not make this argument in the district court, so it is waived. *Jenkins v. Nelson*, 157 F.3d 485, 494 n.1 (7th Cir. 1998). While we can overlook the Respondent's failure to argue harmless error, we generally do so only when the "harmlessness of the error or errors found is certain" and "a reversal would result in protracted, costly, and ultimately futile proceedings in the district court." *United States v. Giovannetti*, 928 F.2d 225, 227 (7th Cir. 1991). Even if the Respondent had not waived its harmlessness argument, the argument would fail because the jury heard testimony that Sanders was provoked into a sudden rage when Pratchett flirted with another and, if you believe Sanders's testimony, when Pratchett threw their son out the car window. *Compare Baird v. State*, 604 N.E.2d 1170, 1178 (Ind. 1992) (bank foreclosing on family farm was not sufficient provocation to warrant a jury instruction on sudden heat in defen-

dant's murder of his wife); *Gregory v. State*, 540 N.E.2d 585, 593 (Ind. 1989) (holding that jury could reasonably have rejected defendant's claim of sudden heat when he had threatened to kill the victim three weeks earlier); with *Jimmerson v. State*, 751 N.E.2d 719, 725 (Ind. App. Ct. 2001) (affirming voluntary manslaughter conviction because jury reasonably found defendant was acting under sudden heat after he was forced to give victim money 20 minutes before he confronted victim and shot him); *Callis v. State*, 684 N.E.2d 233, 240 (Ind. 1997) (affirming voluntary manslaughter conviction because jury reasonably found defendant was acting under sudden heat when he shot his girlfriend after she threatened suicide and they quarreled about the state of their relationship). Because a defendant is entitled to a voluntary manslaughter instruction if he presents any appreciable evidence of sudden heat, the trial court's failure to instruct the jury as to the State's burden was not harmless error.

Because the jury was never instructed that the absence of sudden heat was an element of murder and attempted murder that the State had to prove beyond a reasonable doubt, Sanders has established a violation of his federal due process rights. The Indiana appellate court's determination that the jury instructions as a whole correctly apprised the jury of all the elements of the crimes was an unreasonable determination because the jury was never informed that the absence of sudden heat is an element of murder and attempted murder on which the State bears the burden of proof and, in fact, was incorrectly instructed that the State had to prove beyond a reasonable doubt the presence of sudden heat to obtain a voluntary manslaughter conviction. Accordingly, we reverse the district court's denial of Sanders's petition on the grounds of a federal due process violation.

## B.  Ineffective Assistance of Counsel

Sanders next argues that the Indiana state courts unreasonably determined that his appellate counsel was not

ineffective for failing to argue on direct appeal that the trial court erred by refusing to instruct the jury that the State must prove the absence of sudden heat beyond a reasonable doubt to prove murder and attempted murder. Sanders also claims that his appellate counsel was ineffective for failing to challenge the trial court's instruction making sudden heat an element of voluntary manslaughter and attempted voluntary manslaughter and requiring the State to prove its presence beyond a reasonable doubt. Sanders argues that Indiana case law would have required reversal and a new trial had these issues been raised on direct appeal.

First, the Respondent correctly notes that Sanders's challenge to counsel's failure to challenge the voluntary manslaughter and attempted voluntary manslaughter instructions were not raised in the district court. Because we will not consider issues raised for the first time on appeal, *see Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir. 2000), Sanders waived his challenge to the manslaughter instructions. Therefore, the only basis for ineffective assistance of counsel properly before us is whether Sanders's appellate counsel was ineffective for not challenging the trial court's refusal to tender Proposed Instruction Two.

### 1.  Standard for Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A successful claim of ineffective assistance of counsel under *Strickland* requires the petitioner to make two showings. First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms. *Id.* at 687-88. Second, the petitioner must show that the deficient performance of counsel prejudiced his defense. *Id.* at 687. Prejudice will be found when there is a reasonable probabil-

ity that, but for the deficient performance of counsel, the outcome of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id.*

### 2. State Court Determination

The district court adopted the determination of the Indiana state courts on Sanders's ineffective assistance claim without much explanation. The last Indiana court to rule on the merits of Sanders's claim was the post-conviction trial court, so this court reviews its determination. *See McFowler*, 349 F.3d at 446. The trial court found, without explanation or citation, that "Defendant's Tendered Instruction No. 2 was a misstatement of the law and the trial court did not commit error by refusing to give the instruction to the jury." The trial court concluded that "counsel's offer of a [sic] inaccurate instruction . . . does not constitute ineffective assistance of counsel because the jury was adequately instructed on voluntary manslaughter, and thus, the defendant was not prejudiced by counsel's faulty instructions."

### 3. Appellate Counsel's Performance was Prejudicial

Under 28 U.S.C. § 2254(d)(2), habeas corpus relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. *Williams v. Taylor*, 529 U.S. 362, 385 (2000). Under § 2254(e)(1), habeas corpus relief may be had where the petitioner can show by clear and convincing evidence that the state court's factual determinations were unreasonable.

First, the state court found, without explanation, that Sanders's Proposed Instruction Two was an incorrect state-

ment of the law. However, both Indiana law, *Palmer*, 425 N.E.2d at 644, and federal law, *Mullaney*, 421 U.S. at 704, require the prosecution to prove the absence of sudden heat once the issue is raised by evidence in the record. Sanders's Proposed Instruction Two correctly stated this proposition, and nowhere else in the jury instructions was the jury informed that the prosecution bore the burden of proving the absence of sudden heat to obtain a conviction for murder or attempted murder. Thus, the state court's finding that Sanders's Proposed Instruction Two was a misstatement of the law is an unreasonable determination of the facts, which does not warrant any deference from this court. *See Moore v. Knight*, 368 F.3d 936, 942 (7th Cir. 2004).

Second, although the post-conviction trial court identified the proper standard for evaluating Sanders's ineffective assistance of counsel claim, it unreasonably applied the law to the facts of this case. Indiana law requires reversal and a new trial if the trial court rejects a proposed jury instruction that allocates the burden of proving the absence of sudden heat for a murder or attempted murder conviction. *Harrington*, 516 N.E.2d at 66 (finding that without the burden-of-proof instruction, the jury "resolved the issue but did so ignorant of which side bore the burden of proof"). If Sanders's counsel had raised this issue on direct appeal, the appellate court would have been bound by law to grant him a new trial. Because "the issue not raised may have resulted in a reversal of the conviction or an order for a new trial," *Lee*, 328 F.3d at 901, Sanders has established that his counsel's failure to challenge the Proposed Instruction Two was prejudicial.

### 4. Appellate Counsel's Performance was Deficient

But Sanders must also establish that his counsel's performance fell below an objective standard of reasonableness to satisfy the requirements of the *Strickland* test for

showing his appellate counsel was constitutionally ineffective. The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is "both obvious and clearly stronger" than the issues raised, the appellate counsel's failure to raise the neglected issue is objectively deficient. *Lee*, 328 F.3d at 900-01.

On direct appeal, Sanders's counsel raised three issues: (1) the trial court erred in instructing the jury as to the doctrine of transferred intent; (2) the trial court erred in admitting evidence of Sanders's prior bad acts; and (3) the trial court abused its discretion by sentencing Sanders to serve consecutive prison terms. Sanders's challenge to the trial court's imposition of consecutive sentences is clearly weaker than his challenge to the trial court's rejection of Proposed Instruction Two. In Indiana, a trial court has wide discretion to impose consecutive sentences and an appellate court will reverse the imposition of consecutive sentences only when "no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." *Steele v. State*, 569 N.E.2d 652, 653 (Ind. 1991). Furthermore, while the two other issues counsel raised are not as weak as the consecutive sentence challenge, neither argument relied on controlling Indiana precedent that would have warranted a new trial, unlike the trial court's failure to properly instruct the jury on sudden heat. Therefore, we find that Sanders's counsel was ineffective for not raising a challenge to the trial court's rejection of the Proposed Instruction Two because it was an obvious and stronger argument than the arguments he made, and there is a reasonable probability that had he made the argument, the appellate court would have ordered a new trial. *See Lee*, 328 F.3d at 901-02; *Winters v. Miller*, 274 F.3d 1161, 1167-68 (7th Cir. 2001).

### III.  Conclusion

Because Sanders's federal rights to due process and effective assistance of appellate counsel were violated, we REVERSE the district court's denial of Sanders's habeas corpus petition and REMAND with directions to grant the writ unless the State elects to retry Sanders.

A true Copy:

     Teste:

                _____
                *Clerk of the United States Court of*
                     *Appeals for the Seventh Circuit*