**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 17, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP971**

**STATE OF WISCONSIN**

Cir. Ct. No.  2013CF5568

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

   V.

TELLY BERNARDO JOHNSON,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, P.J., Blanchard and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Telly Bernardo Johnson, *pro se*, appeals an order denying his WIS. STAT. § 974.06 (2017-18)[1] motion for postconviction relief. Johnson asserts that his appellate counsel was ineffective regarding the claims that were raised in his direct appeal, arguing that appellate counsel should have instead raised claims of ineffective assistance of Johnson's trial counsel regarding various alleged errors relating to evidentiary issues.[2]

¶2 The postconviction court[3] determined that Johnson's new claims in his WIS. STAT. § 974.06 motion were not clearly stronger than the claims raised in his direct appeal, and denied Johnson's motion without a hearing. We agree that Johnson failed to establish that his new claims were clearly stronger, and therefore conclude that they are procedurally barred. Accordingly, we affirm.

## BACKGROUND

¶3 Johnson was charged with two counts of first-degree reckless homicide for the deaths of Victoria Donnewald and Timothy John Stancyzk, both of whom died in December 2012 as a result of heroin overdoses. Through the investigations into their deaths, police learned that Johnson was the dealer who

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] We note that Johnson's appellate brief also includes a petition for a writ of habeas corpus on the grounds that his appellate counsel was ineffective in his direct appeal regarding his claim of insufficiency of the evidence and challenging the trial court's denial of his motion for severance. We do not address that petition in this decision.

[3] The Honorable Jeffrey A. Wagner decided Johnson's WIS. STAT. § 974.06 motion, and we refer to him as the postconviction court. The Honorable Timothy G. Dugan presided over the jury trial and sentenced Johnson, and we refer to him as the trial court. We note that a previous decision by this court—for Johnson's direct appeal—indicated that the Honorable Daniel L. Konkol sentenced Johnson; however, the record reflects that Judge Dugan conducted the sentencing hearing and imposed Johnson's sentence.

had provided the heroin that was used by the victims when they overdosed. Police later amended the information to include several charges of delivery of a controlled substance against Johnson.

¶4 The matter proceeded to trial in December 2014. A jury found Johnson guilty of both charges of first-degree reckless homicide, as well as two charges of delivery of a controlled substance—although the State subsequently moved to dismiss one of those convictions. The trial court then sentenced Johnson in February 2015 to a thirty-five year sentence for the death of Donnewald, a twenty-five year sentence in the death of Stancyzk, and a six year sentence for the remaining conviction for delivery of a controlled substance.

¶5 Johnson's appellate counsel initiated a direct appeal in July 2015. That appeal raised three claims related to Johnson's reckless homicide convictions: challenging the sufficiency of the evidence, specifically with regard to the chief medical examiner's testimony regarding the victims' causes of death; challenging the trial court's denial of his request to modify the reckless homicide jury instruction, in which Johnson sought to add the requirement that there must be a finding that the deaths were a foreseeable consequence of Johnson's delivery of the heroin—essentially adding an element to the statutory requirements of reckless homicide; and challenging the trial court's denial of his motion for severance of the reckless homicide charges, arguing that the severity of the crimes constituted substantial prejudice that required severance. *See State v. Johnson*, No. 2015AP1514-CR, unpublished slip op. ¶1 (WI App Sept. 22, 2016). This court rejected Johnson's claims and affirmed the judgment of conviction. *Id.* The Wisconsin Supreme Court subsequently denied Johnson's petition for review.

¶6      Johnson then filed the WIS. STAT. § 974.06 motion underlying this appeal in April 2018. In that motion, Johnson asserted that his appellate counsel was ineffective regarding the claims that were raised in his direct appeal. Johnson contends that appellate counsel should have raised the ineffective assistance of trial counsel claims that Johnson raised in his § 974.06 motion, in which he alleged seven errors of trial counsel relating to evidentiary issues that arose during his trial. Johnson argues that these new claims are "obvious and strong," as compared to the claims raised by appellate counsel in his direct appeal.

¶7      The postconviction court addressed each of Johnson's seven claims, finding that his arguments all failed to substantiate claims of ineffective assistance of trial counsel. Therefore, the court concluded that Johnson's new claims were not clearly stronger than the claims raised by his appellate counsel in his direct appeal. As a result, the court denied Johnson's motion without a hearing. This appeal follows.

## DISCUSSION

¶8      The ineffective assistance of trial counsel claims raised by Johnson in his WIS. STAT. § 974.06 motion certainly could have been brought in his direct appeal. Therefore, he must establish that there was a "sufficient reason" for not bringing these claims in his direct appeal; otherwise, the new claims are procedurally barred. *See State v. Romero-Georgana*, 2014 WI 83, ¶¶4-5, 360 Wis. 2d 522, 849 N.W.2d 668.

¶9      "In some instances, ineffective assistance of [appellate] counsel may be a sufficient reason for failing to raise an available claim … on direct appeal." *Id.*, ¶36. However, to prove that his appellate counsel was ineffective for failing to bring the ineffective assistance of trial counsel claims, Johnson "bears the

burden of proving that trial counsel's performance was deficient and prejudicial." *See* **State v. Ziebart**, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

¶10     To prove ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficiency prejudiced his defense.  **Strickland v. Washington**, 466 U.S. 668, 687 (1984).  The defendant "must prevail on both parts of the test to be afforded relief."  **State v. Allen**, 2004 WI 106, ¶26, 274 Wis. 2d 568, 682 N.W.2d 433.  We review *de novo* "'the legal questions of whether deficient performance has been established and whether it led to prejudice rising to a level undermining the reliability of the proceeding.'" **State v. Roberson**, 2006 WI 80, ¶24, 292 Wis. 2d 280, 717 N.W.2d 111 (citation omitted).  However, "[a] court need not address both components of this inquiry if the defendant does not make a sufficient showing on one."  **State v. Smith**, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854.

¶11     Furthermore, a claim of ineffective assistance requires that a postconviction evidentiary hearing be held "to preserve the testimony of trial counsel."  **State v. Machner**, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).  Still, a defendant is not automatically entitled to a **Machner** hearing. **State v. Bentley**, 201 Wis. 2d 303, 310-11, 548 N.W.2d 50 (1996).  Rather, the postconviction court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief."  **Allen**, 274 Wis. 2d 568, ¶9.  This is a question of law that we review *de novo*.  **Id.**

¶12     If, on the other hand, the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief,"

the trial court, in its discretion, may either grant or deny a hearing. ***Id.*** We will uphold such a discretionary decision if the trial court "has examined the relevant facts, applied the proper legal standards, and engaged in a rational decision-making process." ***Bentley***, 201 Wis. 2d at 318.

¶13    Specifically with regard to a defendant who alleges in a WIS. STAT. § 974.06 motion that his appellate counsel was ineffective for failing to bring certain viable claims, that defendant "must demonstrate that the claims he wishes to bring are clearly stronger than the claims [appellate] counsel actually brought." ***Romero-Georgana***, 360 Wis. 2d 522, ¶4. This is determined by "compar[ing] the arguments now proposed against the arguments previously made." *See **id.***, ¶46; *see also **Lee v. Davis***, 328 F.3d 896, 900 (7th Cir. 2003).

¶14    We note, however, that "[a]ppellate lawyers are not required to present every nonfrivolous claim on behalf of their clients—such a requirement would serve to bury strong arguments in weak ones—but they *are* expected to 'select[ ] the most promising issues for review.'" ***Shaw v. Wilson***, 721 F.3d 908, 915 (7th Cir. 2013) (citation omitted; emphasis and second set of brackets in ***Shaw***). Indeed, one of the primary functions of appellate counsel is to "winnow the available arguments and exercise judgment about which are most likely to succeed on appeal." ***Gray v. Norman***, 739 F.3d 1113, 1118 (8th Cir. 2014).

¶15    In his WIS. STAT. § 974.06 motion, Johnson lists seven alleged errors of trial counsel—all relating to evidentiary issues—that he believes constitute ineffective assistance on the part of his trial counsel: (1) that counsel allowed the State to introduce significant hearsay evidence for which there was no foundation in violation of the confrontation clause; (2) that counsel failed to object to the use and admission of toxicology and DNA reports; (3) that counsel failed to

retain an expert to rebut or challenge the medical examiner's opinions; (4) that counsel failed to object to expert witness testimony concerning the cell tower evidence; (5) that counsel failed to introduce evidence from Johnson's cell phone; (6) that counsel failed to object to expert witness testimony which failed to meet the required standards of proof; and (7) that counsel failed to properly investigate and introduce critical defense evidence.

¶16     However, Johnson offers no evaluation of why his new ineffective assistance claims are clearly stronger than the claims raised in his direct appeal. Rather, he merely argues that because this court rejected those claims in his direct appeal, his new claims must be clearly stronger. That conclusory statement is not sufficient to warrant a *Machner* hearing. *See Allen*, 274 Wis. 2d 568, ¶9. Rather, Johnson needed to assert "*why* it was deficient performance for [appellate] counsel not to raise these issues," and further, "*how* he intended to establish deficient performance if he was given the chance at an evidentiary hearing." *State v. Balliette*, 2011 WI 79, ¶¶65, 68, 336 Wis. 2d 358, 805 N.W.2d 334 (emphasis in *Balliette*). Johnson failed to establish these requirements in his WIS. STAT. § 974.06 motion.

¶17     In the absence of such an evaluation by Johnson, the postconviction court addressed each of the seven issues that he raised under the ineffective assistance rubric set forth in *Strickland* and its progeny, and rejected all of them. We agree that Johnson's WIS. STAT. § 974.06 motion is insufficient to establish his claims of ineffective assistance of trial counsel.

¶18     Under the *Strickland* test, deficient performance is established if the defendant proves "that counsel's conduct [fell] below an objective standard of reasonableness." *State v. Love*, 2005 WI 116, ¶30, 284 Wis. 2d 111, 700

N.W.2d 62. However, "[i]t is well-established that trial counsel could not have been ineffective for failing to make meritless arguments." *State v. Allen*, 2017 WI 7, ¶46, 373 Wis. 2d 98, 890 N.W.2d 245. The conduct of Johnson's trial counsel that he challenges—the failure to make certain objections and arguments about evidentiary issues—were not errors at all, and thus did not constitute deficient performance. *See id.*

¶19 For example, Johnson contends that the testimony of four witnesses included inadmissible hearsay. However, much of the challenged testimony was *not* hearsay—rather, it consisted of prior consistent statements that were admissible under WIS. STAT. § 908.01(4)(a)2.; statements not being offered to prove the truth of the matter asserted, admissible pursuant to § 908.01(3); or admissions of a party opponent as permitted by § 908.01(4)(b).

¶20 Johnson also challenges on hearsay grounds testimony provided by Donnewald's friend, Amanda Balistrieri, regarding statements made by Donnewald in text conversations with Balistrieri. Those statements, however, fall under the hearsay exception regarding a statement against interest made by a declarant who is unavailable—which Donnewald is, since she is deceased— pursuant to WIS. STAT. § 908.045(4). Therefore, because the testimony challenged by Johnson was admissible, any objection by his trial counsel would have been without merit.

¶21 In the same vein, Johnson's arguments that trial counsel failed to object to the State's experts are equally meritless. The experts' testimony involved reports prepared for trial—the toxicology and DNA reports introduced by the medical examiner, and the report regarding cell tower evidence—to which *both* parties stipulated. However, even without those stipulations, the evidence

was admissible through other witnesses also included on the State's witness list. Furthermore, Johnson's challenge to the trial testimony of expert Nabil Alfahel—whose testimony as to the make and model of a vehicle seen in a surveillance video was admitted after a **Daubert**[4] hearing—also fails, since trial counsel unsuccessfully objected to Alfahel's qualifications during the hearing. Any additional objections by trial counsel would have been meritless.

¶22     Similarly, Johnson's assertions that trial counsel failed to retain necessary experts are conclusory and insufficient to demonstrate deficiencies in trial counsel's performance. For instance, Johnson argues that trial counsel should have called an expert to refute the medical examiner's testimony, without evidentiary support as to what such an opposing expert would have testified; he claims that evidence from a cell tower regarding the location of his phone at certain times was inaccurate and thus inadmissible, with no support for his argument outside of an article from The New Yorker magazine; and his claim that trial counsel should have introduced evidence that he maintained a different cell phone number includes no support for what this evidence would prove or disprove.

¶23     Additionally, Johnson asserts that his trial counsel did not adequately cross-examine Balistrieri, who Johnson contends was a key State witness, in order to sufficiently challenge her credibility. Johnson argues that had trial counsel been better prepared to question this witness, she could have extracted negative "evidence" about Balistrieri that was critical to his defense. However, the jury did hear from Balistrieri that she was a homeless heroin addict

---

[4] *See* **Daubert v. Merrell Dow Pharm., Inc.**, 509 U.S. 579 (1993).

when she knew Donnewald and that she had texted Donnewald before her death about obtaining and using heroin.  Counsel even tried to elicit testimony from Balistrieri that she had engaged in prostitution; an objection by the State based on relevance was sustained by the trial court.  Johnson further alleges that it was a "business associate" of Balistrieri's who supplied the heroin to Donnewald, but provides no support for these allegations.  Thus, Johnson has not sufficiently pled this claim to demonstrate that he is entitled to relief.  *See Allen*, 274 Wis. 2d 568, ¶9.

¶24     In short, none of the alleged errors argued by Johnson substantiate his new claims of ineffective assistance of trial counsel.  Johnson's failure to meet this burden means that he also failed to meet his burden of demonstrating that his appellate counsel was ineffective for not raising these claims in his direct appeal. *See Ziebart*, 268 Wis. 2d 468, ¶15.  Indeed, his new claims are plainly *not* clearly stronger than the claims that were raised in his direct appeal, and are therefore procedurally barred.  *See Romero-Georgana*, 360 Wis. 2d 522, ¶¶4-5.  Accordingly, we affirm the order of the postconviction court denying Johnson's WIS. STAT. § 974.06 motion without a hearing.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.